IN THE MATTER OF GEORGE MITCHELL, CLAIMANT, EMPLOYEE, AND BROWN
& CRAWLEY, A PARTNERSHIP; AND BROWN & CRAWLEY OIL COM-
PANY, INC., WILSON, NORTH CAROLINA, EMPLOYING UNITS.

(Filed 24 September, 1941.)

### 1. Master and Servant § 57—

Where a partnership and a later formed corporation are controlled by
the same parties but the businesses are wholly unrelated and are kept
separate and distinct as to location, finance and employment, and the
work required of the employees of the two concerns are not of the same
character, the two concerns do not constitute a single employing unit,
and, neither concern having in its employ as many as eight employees,
neither is subject to the Unemployment Compensation Act.

### 2. Appeal and Error §§ 3a, 30h—

Where the real party in interest does not appeal from judgment in
favor of an adverse party, the judgment of the court below becomes
*res judicata* as to all justiciable issues presented, and there being nothing
for determination on the appeal of a formal party, the appeal will be
dismissed.

### 3. Master and Servant § 62—

The Unemployment Compensation Commission is not entitled to appeal
from judgment of the Superior Court, entered in a proceeding by an
employee for compensation, that defendant employer does not come within
the purview of the Compensation Act, and that therefore claimant is not
entitled to Unemployment Compensation Insurance. If the Commission
desires to have the liability of the employer for unemployment compensa-
tion contributions judicially determined on its contentions that the em-
ployer and another concern controlled by the same interests constituted
but a single employing unit, it must follow the procedure prescribed by
sec. 8 (m), ch. 27, Public Laws 1939.

APPEAL by Unemployment Compensation Commission from *Bone, J.*,
in Chambers, 7 June, 1941. From WILSON. Appeal dismissed.

Proceeding under sec. 6, ch. 1, Public Laws, Extra Session, 1936, to
determine the right of the claimant to benefits under the provisions of
the Unemployment Compensation Act.

Claimant filed claim for benefits for unemployment as an employee
of Brown & Crawley Oil Company, Inc. The Commission advised that
the company had no wage credits for the year 1938. The claimant pro-
tested. Thereupon a hearing was had before a claims deputy. The
deputy found as a fact that claimant was employed by Brown & Crawley,
a partnership; that Brown & Crawley and Brown & Crawley Oil Com-
pany, Inc., are controlled directly and indirectly by the same interest
and jointly constitute a single employing unit covered by the Act, and
that the claimant was entitled to recover compensation to be charged
to wage credits created by the collection of taxes from such employing
unit. The appeals deputy affirmed.

3—220

Upon an appeal by Brown & Crawley and Brown & Crawley Oil Company, Inc., the Full Commission reviewed the finding of fact and conclusions of the claims deputy and the appeals deputy, heard argument and rendered judgment that the claim of Mitchell be allowed and that he receive such benefits to which he is entitled under the law. As a basis for its judgment it concluded that Brown & Crawley and Brown & Crawley Oil Company, Inc., constitute an employing unit covered by the Unemployment Compensation Act. The respondents filed certain exceptions to the findings of fact and to the failure of the Commission to find certain other facts. It was thereupon agreed that the exceptions should be withdrawn and that the additional findings of fact as set out in the exceptions filed should be incorporated as findings of fact of the Commission in the cause. The respondents appealed, agreeing that the cause should be submitted to the resident judge upon the facts found by the Commission as amended by the stipulations.

When the cause came on to be heard in the court below on the appeal the court, being of the opinion that the facts found do not support the Commission's decision and that upon said facts the defendants are not liable for contributions under said Act, entered judgment reversing the judgment of the Unemployment Commission. The Unemployment Compensation Commission excepted and appealed.

*Finch, Rand & Finch and Wade A. Gardner for Brown & Crawley and Brown & Crawley Oil Company, Inc., respondents, appellees.*

*Adrian J. Newton, Ralph Moody, and W. D. Holoman for Unemployment Compensation Commission, appellant.*

BARNHILL, J. It is conceded that Brown & Crawley is a copartnership founded in 1926 and is "exclusively engaged in the meat packing industry and in the wholesale processing and distribution of meat products"; that Brown & Crawley Oil Company is a corporation organized in 1936 and is "exclusively engaged in the wholesale distribution of petroleum products"; and that neither employs as many as eight employees. It is further agreed that "the two businesses are wholly unrelated businesses. They occupy separate real estate. Each owns his own real estate. They occupy separate plants. Each owns its own plant. The nature of the duties of their employees is not identical. The work required of the employees of the two concerns are not of the same character. They have never engaged in any exchange of employees, or of the employees' duties. They have always maintained separate books, records, bank accounts and business transactions of every nature and description. Neither business has ever loaned, or advanced, any money, property or equipment to the other. Their identities have always been

maintained entirely separate and distinct. No property or money of the copartnership was used in the formation of the corporation and the two businesses were formed in good faith and not because of any attempt to evade the provisions of the Unemployment Compensation Act."

These admitted facts make *Unemployment Compensation Commission v. Coal Co.*, 216 N. C., 6, 3 S. E. (2d), 290, and *Unemployment Compensation Commission v. Willis*, 219 N. C., 709, easily distinguishable and fully sustain the conclusion of the court below. Apparently the claimant so understood. He did not appeal.

The real party in interest not having appealed, the judgment of the court below becomes *res judicata* as to all justiciable issues presented. Nothing remains for our consideration.

We are not inadvertent to the provisions of sec. 6 (h), ch. 1, Public Laws, Extra Session, 1936, which makes the Commission a party to any judicial action involving any such decision. Under this statute the exact status of the Commission as a party to the action is not defined and the part it is to play as such is left somewhat in the realm of speculation. Suffice it to say that we find nothing in the provision which constitutes the Commission guardian or trustee for a claimant or which would warrant the conclusion that it is authorized to prosecute an appeal from a judgment against a claimant when the claimant is content. Nor may it do so for the purpose of adjudicating issues which are merely incidental to the claimant's cause of action.

If, as the Commission contends, Brown & Crawley and Brown & Crawley Oil Company, Inc., jointly constitute a single employing unit liable for the payment of unemployment compensation contributions and it wishes to have this liability judicially adjudged, it must follow the procedure prescribed by the statute which gives it life and defines its rights and duties. Sec. 8 (m), ch. 27, Public Laws 1939; sec. 14 (b), ch. 1, Extra Session, Public Laws 1936.

Appeal dismissed.