BOYLAN-PEARCE, INC. v. WILLIAM A. JOHNSON, COMMISSIONER OF REVENUE OF THE STATE OF NORTH CAROLINA.

(Filed 10 July 1962.)

**1. Trial § 57—**

Where more than one inference of fact may be drawn from the evidentiary facts stipulated by the parties, the court, in a trial by the court under agreement of the parties, may find the ultimate facts from the evidence stipulated.

**2. Taxation §§ 27, 28c— Reasonable payments to widow after employee's death in recognition of his services is not subject to income or gift taxes against employer.**

The stipulated facts were to the effect that the executive officer and main stockholder of a family corporation had been active in the direction of its affairs over a number of years, and that after his death the board of directors directed payments to the widow for a period of two years in amounts equal to the prior remuneration for the said period. *Held:* The stipulations support findings by the court that the payments were made by the corporation in recognition of services rendered by the employee prior to his death, and, there being no contention that the payments were unreasonable in amount, judgment that such payments were allowable as deductions in computing the corporation's net income, G.S. 105-147(23), and were not taxable as gifts made by the corporation to the widow, G.S. 105-188, is affirmed, notwithstanding that the corporation was not under legal obligation to make such payments at the time of the employee's death.

APPEAL by defendant from *Fountain, Special Judge,* October 1961 (Assigned) Civil Term of WAKE.

After complaint and answer had been filed, the cause was heard upon the following stipulation:

"The parties hereto, through their respective counsel of record, do hereby consent that trial by jury of the issues involved in this action is waived and that this cause shall be submitted to and heard and determined by the Presiding Judge upon the following facts hereby stipulated by the parties:

"1. This is a civil action commenced on 4 May 1961 by Boylan-

Pearce, Inc. against William A. Johnson, Commissioner of Revenue of the State of North Carolina, pursuant to the provisions of General Statutes, Sections 105-241.4 and 105-267 for the recovery of certain gift taxes and additional income taxes assessed by the defendant Commissioner of Revenue and paid under protest by the plaintiff corporation.

"2. The plaintiff is a corporation organized and existing under and by virtue of the laws of the State of North Carolina, with its principal office located in the City of Raleigh, Wake County.

"3. The defendant William A. Johnson is the duly appointed, qualified and acting Commissioner of Revenue of the State of North Carolina, appointed and holding office pursuant to the provisions of Section 147-87 of the General Statutes of North Carolina, with his powers and duties prescribed by the General Statutes of North Carolina.

"4. From 14 September 1940 until the date of his death on 17 May 1958, Dallas Holoman was President and a Director of Boylan-Pearce, Inc. He was survived by his widow, Virginia B. Holoman, of Raleigh, N. C., and by four sons, Dallas Holoman, Chreston Holoman, Boyce Holoman and Kern Holoman, all of Raleigh. Virginia B. Holoman, widow, is the second wife of Dallas Holoman, deceased. His first wife was the mother of all four of the surviving sons of the decedent.

"5. Following the death of Dallas Holoman, his four sons, named above, have been the only officers and directors of the corporation, and have been and are the owners of all of the common stock thereof.

"6. Dallas Holoman, as President of Boylan-Pearce, Inc. received compensation in the total sum of $18,000 for the fiscal year ended 31 January 1958, the fiscal year immediately preceding the fiscal year in which his death occurred.

"7. At a special meeting of the Board of Directors of Boylan-Pearce, Inc. held on 14 August 1958, the following resolution was unanimously adopted:

'Resolved, that the Vice President and Treasurer of the corporation be appointed as a committee to confer with the corporation attorney and to consider the desirability, possibility and feasibility of a plan under which the corporation might pay to Mrs. Virginia B. Holoman, widow of Dallas Holoman, deceased, former officer and employee, a certain sum (or sums) as set forth below, said funds to be paid out of the corporation but pursuant to and in accordance with the Federal and State Tax codes:

1. Some amount to be paid by reason of the death of Dallas Holoman, or

2. A continuation of the salary of Dallas Holoman in whole or in part for a limited period of time,

3. Or both,

and to report back to the Board with their recommendations at the next meeting.'

"The minutes of the next succeeding meeting of the Board, which was held on 20 September 1958, contain the following: 'The committee appointed at the last meeting to study the possibility of payments to the widow of Dallas Holoman stated that they had no report to make at this time but that the situation was receiving careful study and a report would be forthcoming at a later meeting.'

"8. At a meeting held on 26 June 1959, the Board of Directors of the plaintiff Boylan-Pearce, Inc. duly adopted a resolution, a true and accurate copy of which is set forth on EXHIBIT A, attached to this Stipulation and made a part hereof.

"9. From 14 September 1940 until his death on 17 May 1958, Dallas Holoman was the principal officer of Boylan-Pearce, Inc. and as such had the chief responsibility for the welfare and success of the corporation.

"10. The annual compensation paid by the plaintiff corporation to Dallas Holoman and to his sons, respectively, as officers of Boylan-Pearce, Inc. during the period 1940-1958 is shown on EXHIBIT B attached to this Stipulation and made a part hereof.

"11. The volume of sales, the net income before income taxes, the assets, liabilities, and net worth of the plaintiff corporation for the period 1940-1961 were as shown on the statement attached hereto marked EXHIBIT C and made a part of this Stipulation.

"12. Pursuant to the aforesaid resolution (EXHIBIT A), the plaintiff Boylan-Pearce, Inc. made payments to the said Virginia B. Holoman, as follows:

(a) The sum of $15,000 paid on the 30th day of June 1959;

(b) The sum of $21,000 paid on the 18th day of February 1960.

"13. In her North Carolina Income Tax Returns for the calendar years 1959 and 1960, Virginia B. Holoman, reported, but excluded from taxable income, the said amounts paid to her by the plaintiff corporation, in the following language:

'The taxpayer received $15,000.00 (in 1959—$21,000.00 in 1960) from Boylan-Pearce, Inc., by whom her husband was employed to the date of his death on May 17, 1958. The amount in question was paid by the corporation by reason of the death of

Dallas Holoman. This amount is excluded from gross federal income under the provisions of Section 101(b) of the Internal Revenue Code of 1954 and under authority of decided cases in point, and from gross state income on the basis that the amount represents a gift and not taxable compensation.'

The said income tax returns of Virginia B. Holoman were filed with and accepted by the North Carolina Department of Revenue.

"14. On the 5th day of April 1961, the plaintiff Boylan-Pearce, Inc., was notified for the first time that the defendant Commissioner of Revenue had made a decision under date of 30 March 1961, as follows:

'The Commissioner of Revenue is of the opinion that the amounts in question constituted a gift from the corporation to Mrs. Holoman and are, therefore, not deductible as a business expense of the corporation. Gift tax is due on such payments by the corporation.' "

(Pursuant to said decision, defendant assessed against plaintiff gift taxes and additional income taxes for the years 1959 and 1960 on account of said payments to Virginia B. Holoman. The amounts of these assessments are set forth in detail in paragraphs 15 and 16; and the facts relating to the payment thereof under protest, timely demand for refund, etc., are set forth in detail in paragraphs 17 and 18.)

"19. If it should be determined by a final judgment in this action that the said gift tax assessments against the plaintiff were invalid, the plaintiff is entitled to recover from the defendant Commissioner of Revenue the sum of $1141.88, together with interest thereon at the rate of six per cent per annum from 7 April 1961, until paid and the sum of $1671.12, together with interest thereon at the rate of six per cent per annum from 19 April 1961 until paid.

"20. If it should be determined by a final judgment in this action that the said additional income tax assessments against the plaintiff were invalid, the plaintiff is entitled to recover from the defendant Commissioner of Revenue the sum of $954.00, together with interest thereon at the rate of six per cent per annum from 14 April 1961 until paid; and the sum of $1260.00, together with interest thereon at the rate of six per cent per annum from 17 April 1961 until paid."

It is deemed unnecessary to set forth Exhibits B and C referred to in paragraphs 10 and 11 of said stipulation.

Exhibit A, referred to in paragraph 8 of said stipulation, is an excerpt from the minutes of the meeting of plaintiff's board of directors held June 26, 1959, showing the adoption, by unanimous vote, of the following resolution:

"WHEREAS, from the 14th day of September 1940, until the date of his death on the 17th day of May 1958, Dallas Holoman was President and a Director of Boylan-Pearce, Inc., and the success of the corporation has been and is largely the result of the sound business judgment, wise counsel, and active interest and participation of Dallas Holoman in the conduct, development and enlargement of the company's business through his many years of untiring effort and constant attention to the affairs of the corporation, and the corporation will continue indefinitely to enjoy the fruits of the services rendered by Dallas Holoman; and

"WHEREAS, notwithstanding his contribution to the success of the corporation through the years, and the continuing benefits inuring to the business, the compensation of Dallas Holoman, as such principal executive officer and guiding spirit of Boylan-Pearce, Inc., has not been commensurate with the inestimable value of his services; and

"WHEREAS, in the sound and progressive conduct of the affairs of a modern business corporation it is essential that adequate provision be made for the continuation of the compensation of important executive officers of the corporation to their widows or other dependents, upon the death of such corporate officers, so as to encourage living executives to continue in their employment with the corporation and to decrease or eliminate the concern and anxiety of such living officers with respect to the financial situation of their widows and other dependents following their deaths to the end that such executives may give full thought, attention and effort to the affairs of the corporation; and

"WHEREAS, it is considered by the members of this Board of Directors that the continuation of compensation of the corporate officers to their widows or other dependents in a reasonable amount and for a reasonable period of time following the death of any such officer constitutes an ordinary and necessary expense of doing business, and that, as a policy of this corporation, upon the death of an active corporate officer, who has been so employed by the corporation for a continuous period of at least ten (10) years, his compensation for services during the last completed fiscal year of service of such officer prior to his death should be continued (payable to his widow or other dependents) for a period

of two years, or an equivalent amount payable over a reasonable period of time; and

"WHEREAS, Dallas Holoman, as President of Boylan-Pearce, Inc., received compensation in the total sum of $18,000 for the fiscal year ended 31 January 1958, the fiscal year immediately preceding the fiscal year in which his death occurred; now, therefore,

"BE IT RESOLVED BY THE BOARD OF DIRECTORS OF BOYLAN-PEARCE, INC.,

"That a policy of this corporation is hereby established, that upon the death of a corporate officer of Boylan-Pearce, Inc., who shall have then been so employed continuously by the corporation as an officer thereof for at least ten (10) years, the corporation shall continue the annual compensation paid to such deceased officer during the last completed fiscal year of the corporation prior to the fiscal year in which his death occurred, making payment of an amount equal to that compensation for two years, but payable over such reasonable period of time as may be determined by the Board of Directors of this corporation in their discretion.

"AND BE IT FURTHER RESOLVED BY THE BOARD OF DIRECTORS OF BOYLAN-PEARCE, INC.,

"That the Treasurer of this corporation is hereby authorized and directed, and this corporation obligates itself, to pay to Mrs. Virginia B. Holoman, widow of Dallas Holoman, deceased, as recognition in part of the great contribution made by Dallas Holoman to the success of the business of Boylan-Pearce, Inc., and by reason of the death of Dallas Holoman, deceased, and as additional compensation for services rendered to the corporation by Dallas Holoman during his lifetime, the total sum of $36,000 (being a continuation of his last year's compensation for a period of two years), payable as follows: the sum of $15,000 payable immediately during the current fiscal year of the corporation, and the sum of $21,000 payable during the month of February 1960."

Judgment was entered in which, "upon a consideration of the agreed statement of facts, including the exhibits attached to the said Stipulation, and after hearing arguments of counsel for the respective parties," the court determined "that the payments by the plaintiff Boylan-Pearce, Inc. to the widow of Dallas Holoman, the deceased former president of the plaintiff corporation, in the aggregate amount of $36,000, made as stipulated pursuant to the corporate resolution (Exhibit A, attached to the Stipulation), were not gifts by the plaintiff corporation to the said widow within the meaning of the Income Tax

and Gift Tax provisions of the Revenue Act of North Carolina, but, to the contrary, said payments were intended to be, and were, payments to the widow of Dallas Holoman, the plaintiff's deceased officer-employee, made by the said employer by reason of the death of said officer-employee, as salary or compensation of the said deceased officer-employee, paid for a period of not more than twenty-four months after the officer-employee's death (the equivalent of his annual compensation for two years), and made in recognition of services rendered by the said Dallas Holoman prior to his death; and that the said payments to the said widow were reasonable in amount (counsel for the defendant Commissioner of Revenue having stated in open Court during the arguments that the defendant was making no issue or contention that the amounts paid to the widow were not reasonable)."

Thereupon, the court concluded the said gift tax assessments and additional income tax assessments were erroneous and invalid and adjudged that plaitniff recover from defendant the amounts set forth in said stipulation.

Defendant excepted and appealed.

*Lassiter, Leager & Walker for plaintiff appellee.*
*Attorney General Bruton and Assistant Attorneys General Abbott and Pullen for defendant appellant.*

BOBBITT, J. Based solely on a general exception "(t)o the signing of the foregoing judgment," appellant assigns as error "the action of the trial court in finding that the payments made to the widow of Dallas Holoman did not constitute gifts and subject to gift tax but were ordinary and necessary business expenses deductible by plaintiff corporation for corporate income tax purposes, and in signing the judgment as appears of record."

Plaintiff's allegation that the payments to Virginia B. Holoman "were made by reason of the death of the said Dallas Holoman and in recognition of services rendered by the said officer and employee, Dallas Holoman, prior to his death, and the said payments are reasonable in amount," was categorically denied by defendant. Defendant alleged said payments were gifts.

"Where jury trial has been waived and evidentiary facts stipulated, if more than one inference can be drawn from these facts, it is permissible for the court to find the ultimate determinative facts from the evidence stipulated." *Canteen Service v. Johnson, Comr. of Revenue,* 256 N.C. 155, 159, 123 S.E. 2d 582.

The court, from the stipulated facts, determined, *inter alia,* "that the payments by the plaintiff Boylan-Pearce, Inc. to the widow of Dallas Holoman, the deceased former president of the plaintiff corporation, in the aggregate amount of $36,000, made as stipulated pursuant to the

corporate resolution . . . *were intended to be, and were,* payments to the widow of Dallas Holoman, the plaintiff's deceased officer-employee, made by the said employer *by reason of the death of said officer-employee,* as salary or compensation of the said deceased officer-employee, paid for a period of not more than twenty-four months after the officer-employee's death (the equivalent of his annual compensation for two years), *and made in recognition of services rendered by the said Dallas Holoman prior to his death;* and that the said payments to the said widow *were reasonable in amount* (counsel for the defendant Commissioner of Revenue having stated in open Court during the arguments that the defendant was making no issue or contention that the amounts paid to the widow were not reasonable)." (Our italics)

If different inferences can be drawn from the stipulated facts, the court, as indicated, has resolved the crucial factual issue raised by the pleadings in favor of plaintiff.

Appellant, in his brief, states the question presented on this appeal in these words: "Are payments made to a widow of a corporate officer upon resolution of the remaining officers and directors of a family corporation, adopted some thirteen months after the death of the deceased officer, properly regarded as a gift to the widow and not deductible from the gross income of the corporation as an ordinary and necessary business expense for income tax purposes where there has been no previous contract, resolution of the board of directors, or custom of the corporation in making such payments?"

In addition to the matters referred to in defendant's said statement, defendant stresses these undisputed facts: (1) Plaintiff was not legally obligated to Dallas Holoman for the $36,000.00 or any part thereof, and (2) plaintiff was not indebted to Virginia B. Holoman on account of services rendered or otherwise.

For the reasons indicated, defendant contends the stipulated facts establish, as a matter of law, that the payments to Virginia B. Holoman were gifts and therefore taxable under G.S. § 105-188 and were not allowable as deductions under G.S. § 105-147 in computing plaintiff's net income.

Unquestionably, under the statutory provisions in effect prior to July 1, 1957, defendant's position would be correct. Indeed, this fact is of significance in determining the legislative intent when the General Assembly, by the enactment of Chapter 1340, Session Laws of 1957, amended the Revenue Act in respects set forth below. The Tax Study Commission, appointed pursuant to joint resolution adopted by the General Assembly in 1955, included in its comprehensive report to the General Assembly of 1957, the following:

"6. IT IS RECOMMENDED *that provision be made to permit the deduction by employers of payments made to the estate or to the beneficiaries of a deceased employee, paid by reason of the death of the employee, if the amount of the payment is reasonable and is related to the service of the employee and that Federal regulations and Tax Court decisions be used by the Commissioner of Revenue in determining the amounts which are reasonable in each case.*
IT IS FURTHER RECOMMENDED *that such income in the hands of the person receiving the payment be considered as income and be taxable as such, except that an aggregate amount of $5,000 of such income paid in respect to the death of any one employee be excludable from gross income. The provisions to be patterned after the Federal Code.*

"Present Provision. The present law contains no reference to 'employee death benefits.' The amounts paid to the beneficiaries of an employee by reason of the death of the employee are considered to be gifts and as such are not deductible by the employer nor are such amounts includible in the gross income of the beneficiary. (Citation: G.S. 105-141 (2) (c); G.S. 105-147 (1) )

"Explanation. It is considered to be desirable to encourage such payments. Such encouragement is best accomplished by a tax deduction to the employer. It is not believed to be desirable, however, to allow unlimited deductions of this type.

"The Federal government permits the deduction of reasonable amounts paid as continuation of the salary of the employee for a limited period. There is no fixed limit. There is a limit of $5,000, however, upon the exclusion by the beneficiaries of the payment.

"In order to follow the policy of conformity to the Federal Code wherever practicable, and in order to prevent the use of 'employee death benefits' as an instrument of tax evasion while encouraging such payments by corporations, it is the thinking of this Commission that the Federal Code should be followed and the payments defined as gross income to the recipient rather than as gifts, with an exclusion of up (to) $5,000 permitted.

"Effect upon Revenue. The effect upon revenue of the enactment of this proposal is believed to be negligible."

In said 1957 Act (Section 4, Subsection (au) ), the General Assembly amended G.S. § 105-147 (now codified as G.S. § 105-147(23) ) by providing that, in computing net income, the following item shall be allowed as a deduction:

"As to employers, the amount of the salary or other compensation of an employee which is paid for a period of not more than twenty-four months after the employee's death to his estate, widow, or heirs provided such payment is made in recognition of services rendered by the employer prior to his death and is reasonable in amount."

In said 1957 Act (Section 4, Subsection (q) ), the General Assembly amended G.S. § 105-141, which defines "gross income," the provision now codified as the last paragraph of G.S. § 105-141(a), to wit:

"The words 'gross income' include any payments received by the estate, widow or heirs of an employee if such amounts are paid by or on behalf of an employer and are paid by reason of the death of the employee. Provided, that such payments may be excluded from gross income to the extent of five thousand dollars ($5,000.00) with respect to the death of any one employee regardless of the number of employers making such payments, except that such exclusion shall not apply to amounts with respect to which the employee possessed, immediately before his death, a nonforfeitable right to receive the amounts while living (other than total distributions payable to a distributee by a qualified stock bonus, pension, or profit-sharing trust or under an annuity contract within one taxable year of the distributee by reason of the employee's death)."

As indicated, defendant's counsel, at the hearing below, stated defendant "was making no issue or contention that the amounts paid to the widow were not reasonable."

Undoubtedly, as defendant contends, plaintiff has undertaken to bring itself within the provisions of G.S. § 105-147, as amended, with reference to the payments it made to Virginia B. Holoman. Indeed, the Tax Study Commission based its recommendation that such amendment be adopted on the ground it was "considered to be desirable to encourage such payments" and "(s)uch encouragement is best accomplished by a tax deduction to the employer." Moreover, it may be inferred that, absent the 1957 amendment, plaintiff would not have authorized such payments.

Defendant's contention that payments by an employer are allowable as deductions only when a legal obligation to make such payments exists would seem to render meaningless the 1957 amendment. Prior to the 1957 amendment, payments by an employer in discharge of its legal obligations to compensate its employees were deductible under G.S. § 105-147.

The 1957 amendment makes no reference to a previous or pre-existing "contract, resolution of the board of directors, or custom," of the corporation with respect to such payments. Ordinarily, payments made in accordance with a pre-existing contract, plan or policy would be payments for which the employer would be legally obligated.

We attach no legal significance to the fact there was no pre-existing plan or policy, or to the fact the resolution authorizing the payments was not adopted until June 26, 1959, or to the fact plaintiff is a so-called "family corporation." At most, these facts are of evidentiary significance in determining the nature of the employer's payments.

In our opinion, and we so decide, the stipulated facts, and inferences that may be reasonably drawn therefrom, support the court's determination of the crucial factual issue raised by the pleadings. Hence, the conclusion reached is that, based on the court's said determinations, plaintiff's payments to Virginia B. Holoman were authorized and allowable as deductions under G.S. § 105-147, as amended by the 1957 Act, in computing its net income, and were not taxable as gifts under G.S. § 105-188.

Our attention is directed to the following portion of Section 101(b) of the Internal Revenue Code (26 U.S.C.A. § 101(b) ), *viz.*:

"(b) Employees' death benefits.—

(1) General rule.—Gross income does not include amounts received (whether in a single sum or otherwise) by the beneficiaries or the estate of an employee, if such amounts are paid by or on behalf of an employer and are paid by reason of the death of the employee.

(2) Special rules for paragraph (1).—

(A) $5,000 limitation.—The aggregate amounts excludable under paragraph (1) with respect to the death of any employee shall not exceed $5,000."

Federal decisions cited by defendant relate to whether, under the quoted portion of Section 101(b) of the Internal Revenue Code, the payments involved in these cases constituted "gross income" of the recipient. While these decisions have been considered, they do not control decision here for the reason, among others, the Internal Revenue Code contains no provision analogous to G.S. § 105-147(23).

In Federal Income, Gift and Estate Taxation, § 14.13 (5), by Rabkin and Johnson, this statement appears: "There is no statutory correlation between the employer's deduction and the taxability or exemption to the employee's estate or beneficiary." In this connection, see 36 N.C.L.R., pp. 163-165.

Whether Virginia B. Holoman was entitled to deduct said payments as gifts in her 1959 and 1960 State income tax returns is not presently before us. Suffice to say, in our Revenue Act, there appears to be a statutory correlation between G.S. § 105-147(23) and the last paragraph of G.S. § 105-141(a).

For the reasons stated, the judgment of the court below is affirmed.

Affirmed.