IN THE MATTER OF THE ASSESSMENT OF ADDITIONAL SALES AND USE TAXES AGAINST HALIFAX PAPER COMPANY, INC., FOR THE PERIOD FROM JULY 1, 1956, THROUGH JUNE 30, 1959.

(Filed 14 June 1963.)

1. **Administrative Law § 4;    Appeal and Error § 3;    Courts § 7—**

There is no inherent or inalienable right of appeal from an inferior court to the Superior Court or from the Superior Court to the Supreme Court, and appeals from administrative agencies of the State or special statutory tribunals whose proceedings are not according to the course of the common law are purely statutory.

2. **Same;    Criminal Law § 142—**

The State cannot appeal in either civil or criminal cases except on statutory authority.

3. **Administrative Law § 4;    Taxation § 35—**

The Tax Review Board is an administrative agency of the State within the purview of G.S. 143-306 and the Commissioner of Revenue is entitled

to appeal under G.S. 143-307 from a decision of the Board reversing in part an assessment of taxes made by the Commissioner. G.S. 105-241.3 does not impliedly amend the prior statute so as to preclude the right of the Commissioner to appeal, but the two statutes must be construed together and effect given the provisions of both.

**4. Statutes § 11—**

The repeal of a prior statute by implication is not favored, and the silence of a later statute in regard to a matter in which a prior statute has spoken in express terms will not effect a repeal in regard to such matter but both statutes will be construed together and effect be given the provisions of both.

**5. Appeal and Error § 4—**

The term "party aggrieved" within the meaning of various statutes authorizing appeals has no technical meaning and must be construed in light of the attendant circumstances, and the term includes one who is affected in only a representative capacity in discharging duties owed the public.

**6. Same; Administrative Law § 4; Taxation § 35—**

The Commissioner of Revenue is a party aggrieved by a decision of the Tax Review Board reversing in part a tax assessed by the Commissioner, since the decision affects the duties and responsibilities of the Commissioner in assessing and collecting taxes due the State.

**7. Administrative Law § 4—**

The courts have been given authority to review by *certiorari* the action of any administrative agency whenever its actions affect personal or property rights, but such writ is discretionary and does not lie as a substitute for appeal when a statute provides an orderly procedure for appeal, and in such instance it will lie only when the party aggrieved, through no fault of his own, cannot effect his appeal within the time limited.

Appeal by W. A. Johnson, Commissioner of Revenue, from *Clark, J.,* December 1962 "A" Term of Wake.

Proceeding by the State Commissioner of Revenue to assess against Halifax Paper Company, Inc., additional sales and use taxes allegedly due the State.

*Attorney General Bruton and Assistant Attorneys General Pullen and Barham for appellant.*

*Allsbrook, Benton & Knott, and Dwight L. Cranford for appellee.*

Moore, J. Halifax Paper Company, Inc., (Halifax) is engaged in the manufacture of paper pulp, paper products and by-products, and owns woodlands as a source of wood for its manufacturing operations.

On 19 August 1959 the State Commissioner of Revenue (Commissioner) notified Halifax in writing that he intended to assess against it $19,725.05, plus penalty and interest, for unpaid sales and use taxes on account of certain machinery and equipment purchased by Halifax during the period from 1 July 1956 to 30 June 1959. G.S. 105-241.1 (a), (b). A portion of the machinery and equipment in question was purchased for use in the regular and systematic planting, cultivating and harvesting of trees for pulp on the woodlands belonging to Halifax. In apt time Halifax requested a hearing before the Commissioner. G.S. 105-241.1(c). After hearing, the Commissioner affirmed the assessment. Halifax appealed to the North Carolina Tax Review Board (Review Board). G.S. 105-241.2. On 20 September 1962 the Review Board entered its administrative decision No. 56, affirming the assessment in part and reversing it in part. G.S. 105-241.2 (c). The decision declared that the machinery and equipment used in the regular and systematic planting, cultivating and harvesting of trees for pulp were being used in "the planting, cultivating, harvesting or curing of farm crops" within the meaning of the sales and use tax exemption provision contained in G.S. 105-164.13(8), and that Halifax was a "farmer" within the purview of that provision. The Commissioner excepted to this portion of the Review Board's decision.

On 18 October 1962 the Commissioner filed a petition in the Superior Court of Wake County, under Article 33 of Chapter 143 of the General Statutes of North Carolina, seeking judicial review of the decision of the Review Board with respect to its interpretation of the meaning of G.S. 105-164.13(8) as applied to the facts in this case. Halifax demurred to the petition on the ground that the Superior Court "had no jurisdiction of the subject matter of the action, in that the . . . Commissioner . . . has no standing under the provisions of Article 33 of Chapter 143 of the General Statutes . . . to appeal . . . from an administrative decision of the Tax Review Board." The court below sustained the demurrer, and the Commissioner appeals to this Court.

The question for decision is whether the Commissioner may, under the provisions of G.S. Ch. 143, Art. 33, appeal from the decision of the Review Board to the Superior Court.

The General Assembly created the Tax Review Board at the 1953 session. S.L. 1953, Ch. 1302, s. 7(b). As originally established its purposes were very limited. It was authorized and required (1) to hear and determine petitions of foreign corporations relating to the allocation of capital, surplus and undivided profits for franchise tax purposes and net income for income tax purposes, and (2) to make and

promulgate all rules and regulations for the collection of State taxes under Schedules A to H, inclusive. It had no other powers and duties. The Act contained no provisions for appeals from its decisions. The board was composed of the Commissioner of Revenue (who was designated as chairman), the Director of the Department of Tax Research, and the State Treasurer.

The 1953 Act was rewritten at the 1955 session. S.L. 1955, Ch. 1350 (codified as G.S. 105-241.2 to G.S. 105-241.4). 1957 amendments are not pertinent to this appeal. By the 1955 act the Chairman of the Utilities Commission was made a member, replacing the Commissioner of Revenue. The State Treasurer was designated as chairman. The Commissioner of Revenue is a member only when the Board makes allocations for corporate franchise and income tax purposes. The Commissioner is required to prepare administrative regulations for the collection of taxes, to be effective when approved by the Review Board. When a tax assessment has been made by the Commissioner, and the taxpayer has obtained a hearing before the Commissioner thereon, and the Commissioner has rendered a final decision with respect to the taxpayer's liability, the taxpayer may file a petition (with a copy to the Commissioner) requesting the Board to review the assessment. The Board, after notice to the taxpayer and the Commissioner, must grant a hearing if the petition is *prima facie* meritorious. The Board must confirm, modify, reverse, reduce or increase the assessment or decision of the Commissioner. Any taxpayer aggrieved by the decision of the Review Board may appeal to the superior court under the provisions of G.S., Ch. 143, art. 33. The Act makes no provision for an appeal by the Commissioner to the superior court, nor does it expressly prohibit such appeal. However, it provides that either the taxpayer or the Commissioner may appeal from the superior court to the Supreme Court.

There is no inherent or inalienable right of appeal from an inferior court to a superior court or from a superior court to the Supreme Court. No appeal lies from an order or decision of an administrative agency of the State or from judgments of special statutory tribunals whose proceedings are not according to the course of the common law, unless the right is granted by statute. *In re Employment Security Com.*, 234 N.C. 651, 68 S.E. 2d 311. The State cannot appeal in either civil or criminal cases except upon statutory authority. *In re Stiers*, 204 N.C. 48, 167 S.E. 382. The Commissioner of Revenue has no right to appeal from the decision of the Review Board pursuant to any provision of G.S. 105-241.3. If he has a right of appeal it is by virtue of G.S., Ch. 143, art. 33.

The Employment Security opinion, *supra,* was filed by the Supreme Court on 12 December 1951. The General Assembly at its next session (1953) passed an Act entitled "Judicial Review of Decisions of Certain Administrative Agencies." S.L. 1953, Ch. 1094 (codified as G.S., Ch. 143, art. 33; G.S. 143-306 to G.S. 143-316). This act was ratified prior to the passage of the Act creating the Tax Review Board. The Judicial Review Act provides that "Any person who is aggrieved by a final administrative decision, and who has exhausted all administrative remedies made available to him by statute or agency rule, is entitled to judicial review of such decision under this article, unless adequate procedure for judicial review is provided by some other statute, . . ." G.S. 143-307. It provides further: "(1) 'Administrative agency' or 'agency' shall mean any State officer, committee, authority, board, bureau, commission, or department authorized by law to make administrative decisions, except those agencies in the legislative or judicial branches of government, and except those whose procedures are governed by chapter 150 of the General Statutes (Uniform Revocation of Licenses), or whose administrative decisions are made subject to judicial review under some other statute or statutes containing adequate procedural provisions therefor. (2) 'Administrative decision' or 'decision' shall mean any decision, order, or determination rendered by an administrative agency in a proceeding in which the legal rights, duties, or privileges of specific parties are required by law or constitutional right to be determined after an opportunity for agency hearing." G.S. 143-306.

The Tax Review Board is an "Administrative Agency" within the purview of G.S. 143-306. It is an agency of the Executive branch of the State government, has no authority or duties with respect to the granting or revocation of licenses, and its decisions are not subject to review under any statute or statutes other than G.S., Ch. 143, art. 33. It will be noted that G.S. 105-241.3 grants the *taxpayer* the right of appeal only "under the provisions of article 33 of chapter 143 of the General Statutes." In the instant case all administrative remedies have been exhausted. The "legal rights, duties or privileges of specific parties" are affected by the decision here in question; it involves the legal interpretation of a statute, not merely rule-making. The decision was required by law to be made after an opportunity for an agency hearing.

Clearly the Commissioner is entitled under G.S. 143-307 to appeal from the decision of the Review Board in the instant case, unless (1) G.S. 105-241.3 impliedly amends G.S. 143-307 so as to exclude the Commissioner from those entitled to appeal under the latter section, or

(2) the Commissioner is not a "party aggrieved" by the decision of the Review Board.

Though G.S. 105-241.3 was passed subsequent to the enactment of G.S. 143-307, we are of the opinion that it does not amend the latter section so as to repeal any provisions thereof granting right of appeals to the Commissioner of Revenue. G.S. 105-241.3 does not expressly deny the right of the Commissioner to appeal from decisions of the Review Board. The General Assembly in the passage of G.S. 105-241.3 was dealing with the subject of appeals from administrative agencies only collaterally. An amendment or repeal by implication is not favored. *Power Co. v. Bowles,* 229 N.C. 143, 48 S.E. 2d 287; *McLean v. Board of Elections,* 222 N.C. 6, 21 S.E. 2d 842. "Ordinarily, the enactment of a law will not be held to have changed a statute that the legislature did not have under consideration at the time of enacting such law; and implied amendments cannot arise merely out of supposed legislative intent in no way expressed, however necessary or proper it may seem to be. An intent to amend a statute will not be imputed to the legislature unless such intention is manifestly clear from the context of the legislation; and an amendment by implication, or a modification of, or exception to, existing law by a later act, can occur only where the terms of a later statute are so repugnant to an earlier statute that they cannot stand together." 82 C.J.S., Statutes, s. 252, pp. 419-420. In respect to related statutes, ordinarily they should be construed, if possible by reasonable interpretation, so as to give full force and effect to each of them, it being a cardinal rule of construction that where it is possible to do so, it is the duty of the courts to reconcile laws and adopt the construction of a statute which harmonizes it with other statutory provisions. *Cab Co.. v. Charlotte,* 234 N.C. 572, 68 S.E. 2d 433. The *Cab Company* case involves statutes relating to taxicabs. Acting under G.S. 160-200(36a), providing that the governing body of a municipality "may grant franchises to taxicab operators on such terms as it deems advisable," the City of Charlotte imposed a franchise fee of $50.00. A prior statute, G.S. 20-97, limited the levy to $15.00. This Court in an opinion delivered by Johnson, J., said: ". . . (I)t would seem that the *silence* of the 1945 Act as to a matter to which the 1943 Act had spoken in express terms indicates a legislative intent to preserve the *status quo,* and negatives the theory of implied repeal of the former Act. . . ." (Emphasis added).

In the case at bar the silence of G.S. 105-241.3 as to the rights of the Commissioner to appeal may not be construed as a repeal of any such rights which may have been granted to him under G.S. 143-307.

G.S. 105-241.3 and G.S. 143-307 are *in pari materia* and it is our duty to give effect to both if possible. The presumption is always against an intention to repeal an earlier statute. *Cab Co. v. Charlotte, supra.* There is no express intention to deprive the Commissioner of any right of appeal he might have by virtue of G.S. 143-307, and there is no such inconsistency or repugnancy between the statutes as to create an implication of amendment or repeal to which we can consistently give effect under the rules of construction of statutes.

We now come to the crucial question whether the Commissioner is aggrieved by the decision of the Review Board. The decision interprets G.S. 105-164.13(8) as exempting from sales and use taxes the purchases of machinery and equipment used by Halifax in the systematic planting, cultivating and harvesting of trees for pulp, on the theory that such activity is farming. The Commissioner contends that the interpretation is erroneous and, if permitted to stand, will deprive the State of revenues to which it is entitled. The decision involves a question of law and affects the duties of the Commissioner.

The expression "person aggrieved" has no technical meaning. What it means depends on the circumstances involved. It has been variously defined: "Adversely or injuriously affected; damnified, having a grievance, having suffered a loss or injury, or injured; also having cause for complaint. More specifically the word(s) may be employed meaning adversely affected in respect of legal rights, or suffering from an infringement or denial of legal rights." 3 C.J.S., 350. An administrative agency cannot be a person aggrieved by its own order, but it may be an aggrieved party to secure judicial review of a decision of an administrative reviewing agency. 73 C.J.S., Public Administrative Bodies and Procedure, s. 176, pp. 519, 520. One may be aggrieved within the meaning of the various statutes authorizing appeals when he is affected only in a representative capacity. *Town of Milford v. Commissioner of Motor Vehicles*, 96 A. 2d 806 (Conn. 1953); *State v. Hix*, 54 S.E. 2d 198 (W. Va. 1949).

The *Hix* case is closely analagous to the case at bar. It involved the West Virginia Director of Unemployment Compensation. A ruling of the Director on claims filed for payment was reviewed and overruled by a Board of Review. A statute provided for appeal from decisions of the Board of Review by "any party aggrieved." The Supreme Court of West Virginia ruled that the Director was authorized to prosecute an appeal from the decision of the Board of Review and commented: "The Director is responsible for the administration of the Department, and of the Fund committed to his care; and just as he would have the right to prosecute appeals in order to protect the Fund, he is, we think,

596 IN THE SUPREME COURT. [259

entitled to prosecute appeals to bring about what he believes to be a fair and correct interpretation of the statutes under which he operates."

The Commissioner is charged with the duty and responsibility of assessing and collecting taxes due the State. *Duke v. Shaw, Commissioner of Revenue*, 247 N.C. 236, 100 S.E. 2d 506. These duties entail the administration of the Revenue Department. The State revenues constitute a fund upon which the support and existence of the State government depends. The decision of the Review Board is contrary to what the Commissioner believes is a fair and correct interpretation of a law upon which the performance of a portion of his duties depends. It prohibits the collection of the assessment in question and, if permitted to stand, prohibits the collection of all similar assessments. The decision of the Review Board is not a mere factual determination or a rule-making order; it is a legal interpretation vitally affecting the duties of the Commissioner and the fund he is charged with raising. We express no opinion as to the correctness of the Review Board's ruling; this question is not before us. The Commissioner serves in a representative capacity, is charged with an important public trust, and is aggrieved by the opinion adverse to what he considers is a fair and correct interpretation of law affecting his duties and affecting the public interest with which he is charged.

It is the uniform holding of this Court that no person may appeal from a judgment unless he is aggrieved thereby. In many cases we have entertained appeals by the Commissioner of Revenue. *Sale v. Johnson, Commissioner*, 258 N.C. 749, 129 S.E. 2d 465; *Boylan-Pearce, Inc. v. Johnson, Commissioner*, 257 N.C. 582, 126 S.E. 2d 492; *Moye v. Currie, Commissioner*, 253 N.C. 363, 117 S.E. 2d 30; *Campbell v. Currie, Commissioner*, 251 N.C. 329, 111 S.E. 2d 319; *Distributors v. Shaw, Commissioner*, 247 N.C. 157, 100 S.E. 2d 334, and many others. The right of the Commissioner to appeal was not called into question in these cases, but if he had had no standing to appeal this Court would have dismissed the appeals *ex mero motu*.

Cases from other jurisdictions respecting the rights of public officials and administrative bodies to appeal from decisions of administrative agencies are in irreconcilable conflict. This is due to the great variety of statutory and constitutional provisions or lack of statutory authority. Usually no appeal is permitted in the absence of some statutory authority therefor. But where statutes exist permitting appeals by persons aggrieved, appeals by public officials and governmental units are usually allowed in cases involving questions of law relating to

taxation and public funds. See: 117 A.L.R., Anno. — Appeal by Public Officer or Board, pp. 216-222; 5 A.L.R. 2d, Anno. — Under-assessment for Taxation, pp. 576-582.

It is true that courts have inherent authority to review the actions of any administrative agency whenever such actions affect personal or property rights, upon a *prima facie* showing, by petition for *certiorari*, that such agency has acted arbitrarily, capriciously or in disregard of law. *Pue v. Hood, Commissioner of Banks*, 222 N.C. 310, 22 S.E. 2d 896. But *certiorari* is a discretionary writ. *State v. Grundler*, 251 N.C. 177, 111 S.E. 2d 1. Where a statute provides an orderly procedure for appeal, *certiorari* will not lie as a substitute for an appeal, but is proper only when the aggrieved party cannot perfect his appeal within the time limited and such inability is not due to any fault on his part. *McDowell v. Kure Beach*, 251 N.C. 818, 112 S.E. 2d 390. Thus, the Commissioner was well advised to prosecute the appeal in this case.

The judgment below is reversed and the case is remanded to the superior court for the hearing of the Commissioner's appeal on the merits.

Error and remanded.