STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, PETITIONER v. JOHN RANDOLPH INGRAM, COMMISSIONER OF INSURANCE OF THE STATE OF NORTH CAROLINA; NORTH CAROLINA REINSURANCE FACILITY; JOSEPH T. WILLIAMS; AND WILLIAM S. GODFREY, RESPONDENTS

No. 31

(Filed 7 October 1975)

Administrative Law § 5; Appeal and Error § 7; Insurance § 1— Reinsurance Facility — requiring appointment of agent — superior court order — authority of Commissioner of Insurance to appeal

Where the Board of Governors of the Motor Vehicle Reinsurance Facility required that an insurance company appoint and license a specified person as its agent to write automobile liability insurance, the Commissioner of Insurance affirmed the order of the Board of Governors, and the Superior Court of Wake County reversed and vacated the order, the Commissioner of Insurance was not an aggrieved party so as to permit him to appeal the order of the Wake County Superior Court to the Court of Appeals pursuant to G.S. 58-9.3 or under the common law; nor was the Commissioner of Insurance granted the power to appeal the order of the Wake County Superior Court by G.S. 58-248(g)(6).

ON certiorari to review the decision of the North Carolina Court of Appeals reported in 25 N.C. App. 478, 212 S.E. 2d

921 (1975), which dismissed the appeal of the Commissioner of Insurance of the State of North Carolina (hereinafter referred to as "Commissioner") from judgment of *Bailey, J.,* entered 31 October 1974 in WAKE Superior Court.

Article 25A of Chapter 58 of the General Statutes (G.S. 58-248.26 to G.S. 58-248.40) (hereinafter referred to as the "Facility Act") creates the North Carolina Motor Vehicle Reinsurance Facility (hereinafter referred to as the "Facility"). The Facility Act requires that all motor vehicle insurers be members of the Facility and that the profit or loss of otherwise unacceptable business (to the extent permitted in the plan of operation) be transferred from the individual insurer to all insurers. Furthermore, pursuant to G.S. 58-248.33(a)(6), "[the] Facility is authorized to require all companies in a fair and equitable manner who are writers of motor vehicle insurance in this State to appoint and licence any fire and casualty agent duly licensed to write insurance in North Carolina, *in such places where a market need had been demonstrated,* to be their agent to write motor vehicle insurance." (Emphasis supplied.) Purportedly acting pursuant to the above section, the Board of Governors of the Facility required State Farm Mutual Automobile Insurance Company (hereinafter referred to as the "Insurance Company") to appoint and license Joseph T. Williams as its agent to write automobile liability insurance. There was a showing that Williams needed to be appointed to an insurance company, but there was no demonstration that the public had a market need for additional agents in the area involved in order to secure adequate insurance coverage. Insurance Company appealed to the Commissioner pursuant to G.S. 58-248.39(b), and the Commissioner affirmed the Board of Governors. Insurance Company then appealed to Wake County Superior Court as allowed by G.S. 58-248.39(f) whereupon the order below was reversed and vacated. The superior court determined that (1) the order requiring Insurance Company to appoint and license Williams as its agent was unconstitutional under the due process and equal protection of the law clauses of Article I, Section 19, of the North Carolina Constitution and the Fourteenth Amendment to the United States Constitution; (2) the Facility did not conduct a review to determine if eligible risks could readily obtain insurance; and (3) no need for additional agents to sell insurance existed. Commissioner alone appealed this decision.

---

Insurance Co. v. Ingram, Comr. of Insurance

---

The Court of Appeals allowed Insurance Company's motion to dismiss the appeal. The Court of Appeals did not detail its grounds for dismissal, but apparently the reasons were that the Commissioner was not the real party in interest and not an aggrieved party so as to permit him to appeal pursuant to the provisions set forth in G.S. 58-9.3. This Court granted certiorari to review this decision.

*Attorney General Rufus L. Edmisten by Assistant Attorney General Isham B. Hudson, Jr., for defendant appellant.*

*Young, Moore & Henderson by Charles H. Young and R. M. Strickland for petitioner appellee.*

COPELAND, Justice.

The Commissioner contends that he is a real party in interest or an aggrieved party so as to permit him to appeal the decision of the superior court. He claims that he represents the public interest in this matter and that it has been adversely affected by the judgment of the superior court.

In part, the Facility Act itself provides a guideline to the right to judicial review. G.S. 58-248.39 (f) of the Facility Act provides that judicial review of the administrative rulings or orders of hearings before the Board of Governors or the Commissioner shall be made pursuant to G.S. 58-9.3. Similarly, G.S. 58-248.34 (d) provides that judicial review of any order of the Commissioner with respect to the plan of operation of the Facility shall be made pursuant to G.S. 58-9.3. G.S. 58-9.3 provides that "Any order or decision . . . by the Commissioner, except an order to make good an impairment of capital or surplus or a deficiency in the amount of admitted assets and except an order [covered by G.S. 58-9.4] . . . shall be subject to review in the Superior Court of Wake County on petition by any person aggrieved. . . ." G.S. 58-9.4 applies only to orders affecting premium rates on any class of risks or the propriety of a given classification or classification assignment. Since this case involves the appointment of an agent to represent an insurance company, neither G.S. 58-9.4 nor the other exceptions to G.S. 58-9.3 are applicable. Also, since this case involves the right of the Commissioner to seek review before the Court of Appeals and not before the superior court, G.S. 58-9.3 is not expressly applicable. However, since by statutory

interpretation and implication G.S. 58-9.3 would extend its application to the analogous, higher appeal to the Court of Appeals, its requirement that the person must be aggrieved in order to appeal still applies. Moreover, in the absence of other statutory provisions, the common law rule would apply that the appellant must be an aggrieved person in order to perfect his appeal. *Gaskins v. Blount Fertilizer Co.,* 260 N.C. 191, 132 S.E. 2d 345 (1963).

The question before this Court is whether the Commissioner is an aggrieved person by statutory construction or under the common law. Under the general rules of statutory construction it appears that the Commissioner was not intended to be the representative of the public or to be deemed an aggrieved person in this matter. First, G.S. 58-248.33 (g) (1) makes the Board of Governors of the Facility the public's representative to the exclusion of all others except where the Facility Act expressly provides otherwise. G.S. 58-248.33 (g) provides: "Except as may be delegated specifically to others in the plan of operation or reserved to the members, power and responsibility for the establishment and operation of the Facility is vested in the Board of Governors, which power and responsibility include, but is not limited to the following: (1) To sue and be sued in the name of the Facility." The only power conferred upon the Commissioner in this context appears in G.S. 58-248.33 (g) (6) as follows:

> "Notwithstanding the provisions of this subdivision, the Commissioner may review the market for motor vehicle insurance or any component thereof. After notice to and consultation with the Board of Governors, if the Commissioner finds that reasonable facilities are not being provided to make motor vehicle insurance or any component thereof available in a particular county, then in that event, he may require the Board to provide adequate facilities in such county. If the Board fails to comply with the requirements of the Commissioner, then the Commissioner may exercise all the powers of the facility to provide such adequate facilities. Additionally, the Commissioner may require the company or companies selected to service a particular county to pay or provide for reasonable compensation for the services of the agent appointed to represent said company or companies, and if necessary, the Commissioner may appoint such agent."

In this case there is neither a showing that the Commissioner gave notice to or had consultation with the Board, nor a showing that the Commissioner in his own behalf made the required finding that reasonable facilities were not being provided (although he affirmed the Board's finding in this respect when acting in a judicial capacity). Moreover, the Commissioner did not ever independently require the Board to provide adequate facilities. In fact, all action that was taken to assure adequate facilities was initiated by the Board and not by the Commissioner. Therefore, the Commissioner's contention that he is expressly granted the power to appeal by this statute is without merit.

Moreover, the Facility Act has other language that indicates that the powers of the Commissioner are not to be construed broadly so as to include this right of appeal. In particular, G.S. 58-9.3 omits any grant to the Commissioner of the authority to seek judicial review, whereas G.S. 58-9.4 expressly grants him such authority: "For purposes of the appeal the Insurance Commissioner, who shall be represented by his general counsel shall be deemed an aggrieved party." This omission in an adjacent section of the Facility Act and in a section that expressly excepts the situation provided for in G.S. 58-9.4 indicates a clear legislative intent to differentiate between these two sections.

Since the Commissioner is not deemed to be an aggrieved party or a representative of the public in this matter, it should be noted that the party actually aggrieved by the judgment of the superior court was the Facility or agent Williams, not the Commissioner. Appeal can be taken only by the aggrieved real party in interest. G.S. 1-271; G.S. 1-277. *See also* G.S. 1-57. "A party is aggrieved if his rights are substantially affected by judicial order. G.S. 1-277. If the order complained of does not adversely affect the substantial rights of appellant, the appeal will be dismissed." *Coburn v. Timber Corporation,* 260 N.C. 173, 175, 132 S.E. 2d 340, 341 (1963). *Accord, Childers v. Seay,* 270 N.C. 721, 155 S.E. 2d 259 (1967). Where, as here, the aggrieved real party in interest is content, an appealing party has at most only an incidental interest in the subject matter of the litigation and will be affected only indirectly by the judgment complained of. *In re Mitchell,* 220 N.C. 65, 67, 16 S.E. 2d 476, 477 (1941). *See* concurring opinion of Justice Barnhill (later Chief Justice) in *Utilities Com. v. Coach Co.,* 234 N.C. 489, 494, 67 S.E. 2d 629, 633 (1951).

*In re Assessment of Sales Tax,* 259 N.C. 589, 131 S.E. 2d 441 (1963), is distinguishable because in that case the effect of the 1955 Act (G.S. 105-241.2 to G.S. 105-241.4) and the Judicial Review Act of 1953 was to grant the Commissioner of Revenue the right to appeal in the matter of taxation before that court. The 1955 Act made the Commissioner of Revenue the representative of the public so that he could appeal from the administrative decision in controversy to the superior court as an aggrieved party under the Judicial Review Act. Justice Clifton Moore, speaking for our Court in *In re Assessment of Sales Tax, supra,* at 596 131 S.E. 2d at 446, said: "The Commissioner serves in a representative capacity, is charged with an important public trust, and is aggrieved by the opinion adverse to what he considers is a fair and correct interpretation of law affecting his duties and affecting the public interest with which he is charged."

Thus, under the 1955 Act, the Commissioner of Revenue was in a position analogous to that of the Board of Governors in this case, and not that of the Commissioner of Insurance. That the Commissioner of Revenue was clearly the representative of the public under the 1955 Act was indicated not only by his broad duties, but also by the express provision that he could appeal from the superior court to the Supreme Court, although the latter factor was not controlling in and of itself. "An administrative agency cannot be a person aggrieved by its own order, but it may be an aggrieved party to secure judicial review of a decision of an administrative agency. [Citation omitted.] One may be aggrieved within the meaning of the various statutes authorizing appeals when he is affected only in a representative capacity. [Citations omitted.]" *In re Assessment of Sales Tax, supra,* at 595, 131 S.E. 2d at 446 (1963).

In *Utilities Com. v. Coach Co.,* 234 N.C. 489, 493, 67 S.E. 2d 629, 632 (1951), the Court stated that the appeal by the Utilities Commission "seems to have been authorized by the General Assembly in the statutes noted." This case affords the Commissioner no assistance, for in our case it was the Board of Governors that was authorized by statute to appeal as the representative of the public in this matter. The Commissioner of Insurance did not have that standing. Thus, the Court of Appeals was correct in dismissing the appeal.

Affirmed.