SELECTIVE INSURANCE COMPANY, Plaintiff v. MID-CAROLINA INSULATION COMPANY, INC., ALTHEA THOMAS BOGGS, Administratrix of the ESTATE OF RICHARD W. BOGGS AND JOSEPH KELLY THOMAS, JR., Defendants

No. COA96-696

(Filed 6 May 1997)

**Appeal and Error § 68 (NCI4th)— automobile liability insurance—ruling of no duty to defend—appeal by victim—no standing**

The administratrix of the estate of an automobile accident victim was not an "aggrieved party" and had no standing to appeal the trial court's summary judgment ruling that plaintiff liability insurer had no duty to defend or indemnify the alleged tortfeasor. The administratrix has no legal interest in the liability insurance policy unless and until she obtains a judgment against the tortfeasor in the underlying negligence suit and execution of that judgment is returned unsatisfied.

**Am Jur 2d, Appellate Review §§ 264, 275.**

Appeal by defendant Althea Thomas Boggs from order entered 12 February 1996 by Judge Wiley F. Bowen in Lee County Superior Court. Heard in the Court of Appeals 24 February 1997.

Plaintiff Selective Insurance Company issued to defendant Mid-Carolina Insulation Company a business automobile liability insur-

ance policy effective 19 December 1990 through 18 December 1991, in which Mid-Carolina is designated as the "named insured." On 3 August 1991 defendant Richard Boggs was employed by Mid-Carolina and was acting in the course and scope of his employment when he was struck and injured by a vehicle owned by Mid-Carolina. The vehicle was being driven by defendant Joseph Thomas, Jr., who was not an employee of Mid-Carolina, but had permission to drive the vehicle.

At the time of the accident, Mid-Carolina had separate workers' compensation insurance coverage, and Boggs filed for and received workers' compensation benefits. Later on Boggs filed a negligence action against defendant Thomas seeking to recover damages for his injuries. Prior to disposition of the negligence case, Selective filed a complaint for declaratory relief to determine whether it had any contractual obligation to defend or indemnify Thomas as an "additional insured" under the liability policy in the negligence suit. At issue was the effect, if any, of an employee exclusion clause in the policy.

Entry of default was entered against Boggs and Thomas for failure to answer the complaint for declaratory relief. The entry of default against Boggs was set aside, but the entry of default against Thomas was not. Both Mid-Carolina and Boggs filed answers to the complaint, requesting the court to rule that Selective had a duty to defend Thomas under the terms of the policy, and to indemnify Thomas for any judgment obtained against him by Boggs.

On 14 August 1995 Selective filed a motion for summary judgment. Subsequently, Richard Boggs died, and on 29 January 1996 the trial court substituted his widow and administratrix of his estate, Althea Thomas Boggs, as a defendant. On 12 February 1996, the trial court granted summary judgment to Selective, finding that plaintiff is entitled to judgment as a matter of law. The trial court further ordered that the insurance policy in question affords no coverage for the claims of defendant Boggs in the negligence case, and "[c]onsequently, Plaintiff Selective Insurance Company has no duty to defend or indemnify Defendant Thomas in that action." Boggs filed a timely appeal of the order, but neither Mid-Carolina nor Thomas appealed.

*Baucom, Claytor, Benton, Morgan, Wood & White, P.A., by James F. Wood III, for plaintiff appellee.*

*Jones and Jones, P.L.L.C., by Robert H. Jones, for defendant appellant Althea Thomas Boggs.*

ARNOLD, Chief Judge.

Defendant Althea Boggs argues that the trial court erred in granting summary judgment in favor of Selective Insurance Company and finding that Selective has no duty to defend or indemnify Joseph Thomas. We decline to address this case on the merits, however, because the appeal must be dismissed for lack of jurisdiction. "This Court may raise the question of subject matter jurisdiction on its own motion, even if it was not argued by the parties in their briefs." *Ramsey v. Interstate Insurors, Inc.*, 89 N.C. App. 98, 102, 365 S.E.2d 172, 175, *disc. review denied*, 322 N.C. 607, 370 S.E.2d 248 (1988).

Only a "party aggrieved" has a right to appeal. N.C. Gen. Stat. § 1-271 (1996). A "party aggrieved" is one whose legal rights have been denied or directly and injuriously affected by the action of the trial court. *See In re Application for Reassignment*, 247 N.C. 413, 421, 101 S.E.2d 359, 366 (1958); *Freeman v. Thompson*, 216 N.C. 484, 5 S.E.2d 434 (1939); *see also U.S. Fidelity and Guaranty Co. v. Scott*, 124 N.C. App. 224, 226, 476 S.E.2d 404, 406 (1996) (holding that a party does not automatically qualify as a "real party in interest" merely because it has been named as a defendant in a declaratory judgment action); *Insurance Co. v. Walker*, 33 N.C. App. 15, 234 S.E.2d 206, *disc. review denied*, 293 N.C. 159, 236 S.E.2d 704 (1977) (same).

In this case, defendant Boggs's legal rights have not been denied, nor directly and injuriously affected by entry of summary judgment in favor of Selective. An injured party who obtains a judgment against the insured has no greater rights against the insurer than the insured. *See Davenport v. Indemnity Co.*, 283 N.C. 234, 238, 195 S.E.2d 529, 532 (1973). Logic dictates, then, that an injured party who has not yet obtained a judgment against the insured has no greater rights against the insurer than the insured. Thomas not only failed to assert any argument against Selective below, leading to an entry of default against him, but he also failed to appeal the summary judgment in favor of Selective, and thus has asserted no rights against the insurer. "Where, as here, the aggrieved real party in interest [defendant Thomas] is content, an appealing party has at most only an incidental interest in the subject matter of the litigation and will be affected only indirectly by the judgment complained of." *Insurance Co. v. Ingram, Comr. of Insurance*, 288 N.C. 381, 385, 218 S.E.2d 364, 368 (1975) (citing *In re Mitchell*, 220 N.C. 65, 67, 16 S.E.2d 476, 477 (1941)); *see also U.S. Fidelity and Guaranty Co.*, 124 N.C. App. 224, 476 S.E.2d 404; *Walker*, 33 N.C. App. 15, 234 S.E.2d 206.

SELECTIVE INS. CO. v. MID-CAROLINA INSULATION CO.

[126 N.C. App. 217 (1997)]

Moreover, when an injured person is not a party to an insurance liability indemnity contract, and the contract contains no agreement that the insurance shall inure to the benefit of the person injured, the insurance is a matter wholly between the insurer and the insured, and the injured person has no legal or equitable interest. *Clark v. Bonsal*, 157 N.C. 270, 276, 72 S.E. 954, 956-57 (1911). No claim against an insurer can be made by the injured "unless and until 'execution against the [insured] is returned unsatisfied' in an action brought against him. This, in terms, is made a condition precedent to the right of the injured party to maintain an action against the indemnity company . . . ." *Small v. Morrison*, 185 N.C. 577, 579, 118 S.E. 12, 12 (1923).

By appealing the summary judgment in favor of Selective, defendant Boggs is in effect attempting to make a claim directly against the insurer, prior to any judgment against defendant Thomas. This she cannot do. Defendant Boggs has no legal interest in the liability insurance policy in question unless and until she obtains a judgment against defendant Thomas in the underlying negligence suit, and execution of that judgment is returned unsatisfied. *See id.*

Because we find that Boggs's legal rights have not been denied or directly and injuriously affected by the action of the trial court, she is not a "party aggrieved" and has no standing to bring this appeal. The appeal must therefore be dismissed.

Dismissed.

Judges MARTIN, John C., and TIMMONS-GOODSON concur.