IN THE MATTER OF: STATE OF NORTH CAROLINA, ON RELATIONSHIP OF THE EMPLOYMENT SECURITY COMMISSION OF NORTH CAROLINA AND WILLIE BOWEN ET ALS., CLAIMANT EMPLOYEES, AND PEE DEE TEX-TILE CO., INC.

(Filed 12 December, 1951.)

**1. Appeal and Error § 1:  Courts § 4e—**

There is no inherent or inalienable right of appeal from an inferior court to a Superior Court or from a Superior Court to the Supreme Court.

**2. Courts § 4e—**

Right of appeal from administrative agencies or special statutory tribunals is purely statutory, and the statutory requirements are mandatory and not directory and must be complied with to avoid dismissal.

**3. Master and Servant § 62—**

The requirement of G.S. 96-15 (i) that the party appealing from the Employment Security Commission file statement of grounds upon which review is sought and the particulars in which it is claimed the Commission was in error is a condition precedent to the right of appeal, and failure to

file such statement within the time allowed by the statute for appeal requires dismissal.

**4. Same—**

The findings of fact by the Employment Security Commission are conclusive when supported by competent evidence, review being on questions of law only. G.S. 96-15 (i).

**5. Master and Servant § 60—**

Findings supported by evidence that the unemployment of claimants-employees for the period in question was due to vacation and that they were not available for work during such period supports order denying claimants compensation for the time in question.

APPEAL by claimant employees from *Crisp, Special J.,* February Term, 1951, RICHMOND. Affirmed.

The appealing claimants filed claims with the Employment Security Commission for unemployment compensation for a period which included the period from 20 June 1949 to 3 July 1949. The Commission, after finding the facts, found and concluded:

" . . . The record shows the unemployment of the claimants between June 20, 1949, and July 3, 1949, inclusive, to be due to a vacation, and they are thereby not available for work, and ineligible for benefits during such time."

It thereupon denied compensation for said period and, on 25 August 1950, mailed notice of its decision to the appellants herein.

On 13 September 1950, the claimants filed with the Commission notice of their appeal in the following language:

"In accordance with Section 96-4 (m) of the General Statutes of N. C., the claimants-employees give notice of appeal from the above decision."

However, they failed to file any statement of the grounds upon which a review was sought as required by G.S. 96-16 (h) (i).

The Commission made due return to the notice of appeal by filing the necessary papers and transcript of the evidence, together with its findings of fact and decision therein, in the Superior Court of Richmond County.

On 1 February 1951, after notice that the employer would move to dismiss the appeal, claimants filed in the Superior Court their "statement of grounds upon which review is sought and particulars in which it is claimed the Commission is in error." On 5 February 1951 the employer appeared and moved to dismiss the appeal for that the claimants failed to file said statement with the Commission at the time appeal was noted as required by statute. The motion was allowed and claimants appealed.

W. D. Holoman, R. B. Billings, R. B. Overton, and D. G. Ball for Employment Security Commission, appellee.

Robert S. Cahoon for appellants.

Thomas H. Leath for Pee Dee Textile Company, Inc., appellee.

BARNHILL, J.　There is no inherent or inalienable right of appeal from an inferior court to a Superior Court or from a Superior Court to the Supreme Court. Cox v. Kinston, 217 N.C. 391, 8 S.E. 2d 252; S. v. Miller, 225 N.C. 213, 34 S.E. 2d 143; 2 A.J. 847.

A fortiori, no appeal lies from an order or decision of an administrative agency of the State or from the judgments of special statutory tribunals whose proceedings are not according to the course of the common law, unless the right is granted by statute. 2 A.J. 858, sec. 19. If the right exists, it is brought into being, and is a right granted, by legislative enactment. Cox v. Kinston, supra; Pue v. Hood, Comr. of Banks, 222 N.C. 310, 22 S.E. 2d 896; Utilities Com. v. Coach Co., 218 N.C. 233, 10 S.E. 2d 824; Veazey v. Durham, 231 N.C. 357, 57 S.E. 2d 377; Ann. 124 A.L.R. 1000.

"There can be no appeal from the decision of an administrative agency except pursuant to specific statutory provision therefor." 42 A.J. 670, sec. 232.

Obviously then, the appeal must conform to the statute granting the right and regulating the procedure. Caudle v. Morris, 158 N.C. 594, 74 S.E. 98.

The statutory requirements are mandatory and not directory. Brown v. Kress & Co., 207 N.C. 722, 178 S.E. 248. They are conditions precedent to obtaining a review by the courts and must be observed. Vivian v. Mitchell, 144 N.C. 472. Noncompliance therewith requires dismissal. Lindsey v. Knights of Honor, 172 N.C. 818, 90 S.E. 1013.

G.S. 96-15 (h) permits a party aggrieved by a ruling or decision of the Employment Security Commission to appeal to the Superior Court, and G.S. 96-15 (i) prescribes the procedure to be followed in the exercise of this right. In the latter section, it is provided that "in every case in which appeal is demanded, the appealing party shall file a statement with the Commission within the time allowed for appeal, in which shall be plainly stated the grounds upon which a review is sought and the particulars in which it is claimed the Commission is in error with respect to its decision."

This statement of the grounds of the appeal must be filed within the time allowed for appeal. Its purpose is to give notice to the Commission and adverse parties of the alleged errors committed by the Commission and limit the scope of the hearing in the Superior Court to the specific questions of law raised by the errors assigned. Clearly it was intended,

and must be construed, as a condition precedent to the right of appeal. Noncompliance therewith is fatal.

We may note that there is sufficient evidence in the record to sustain the facts found, and the facts found support the order denying claimants compensation for the period of time in question. As the findings of fact made by the Commission, when supported by competent evidence, are conclusive and binding on the reviewing courts, which are to hear the appeal on questions of law only, G.S. 96-15 (i), the disposition of the appeal in the court below deprived the claimants of no substantial right to which, otherwise, they might have been entitled.

The judgment of the court below is

Affirmed.