IN THE MATTER OF: DAVID A. BROWNING, APPELLEE, AND WILKIE CON-
STRUCTION COMPANY, INC., EMPLOYER, AND EMPLOYMENT SECUR-
ITY COMMISSION OF NORTH CAROLINA, APPELLANT

No. 8029SC681

(Filed 3 March 1981)

**Master and Servant § 111– Employment Security Commission – appeal from
decision not timely**

The superior court had no authority to entertain claimant's appeal and
enter its order reversing the decision of the Employment Security Commis-
sion denying claimant unemployment insurance benefits, since claimant did
not comply with the provisions of G.S. 96-15(h) and (i) in giving his notice of
appeal and stating his grounds therefor within ten days of the notification or
mailing of the Commission's decision.

APPEAL by the Employment Security Commission of North Carolina from *Howell, Judge.* Order entered 15 April 1980 in Superior Court, McDOWELL County. Heard in the Court of Appeals 5 February 1981.

*Kyle D. Austin, for the claimant appellee.*

*Staff Attorney Gail C. Arneke, for the appellant Employ-
ment Security Commission.*

HEDRICK, Judge.

This is an appeal by the Employment Security Commission from an order of Judge Howell entered on 15 April 1980. G.S. § 96-15 in pertinent part provides:

(h) Appeal to Courts. — Any decision of the Commission [Employment Security Commission], in the absence of an appeal therefrom as herein provided, shall become final 10

days after the date of notification or mailing thereof, and judicial review thereof shall be permitted only after any party claiming to be aggrieved thereby has filed notice of appeal with the Commission within such 10-day period and exhausted his remedies before the Commission as provided by this Chapter. . . .

(i) Appeal Proceedings. — The decision of the Commission shall be final, subject to appeal as herein provided. Within 10 days after the decision of the Commission has become final, any party aggrieved thereby who has filed notice of appeal within the 10-day period as provided by G.S. 96-15 (h) may appeal to the superior court of the county of his residence. . . . In every case in which appeal is demanded, the appealing party shall file a statement with the Commission within the time allowed for appeal, in which shall be plainly stated the grounds upon which a review is sought and the particulars in which it is claimed the Commission is in error with respect to its decision. . . .

The requirements of G.S. § 96-15(h) and (i) are mandatory and not directory; they are conditions precedent to obtaining judicial review and failure to comply with them requires dismissal. *In re State ex rel. Employment Security Commission,* 234 N.C. 651, 68 S.E. 2d 311 (1951).

The record before us discloses that the decision of the Employment Security Commission affirming the decision of the appeals referee in denying claimant unemployment insurance benefits was mailed to the claimant on 17 September 1979. The record further discloses the following letter, received by the Commission on 2 October 1979:

David A. Browning
Rt 2 Box 278
Nebo, NC 28761                    Rt 2 Box 278
S.S. No. 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              Nebo, N.C. 28761

Wilkie Const. Co.                Claims No. 16342
P.O. Box 997, Lenoir N.C.        Appeals Docket No.
    28645                        X1-U1-8675
Employment Security Comm.
Raleigh, N.C.

To Whom It May Concern:

In re McElwee

Would like to give notice of Appeal, of the Dicision [sic] made in your your [sic] letter mailed September 17, 1979

David A. Browning

Likewise, the record shows that by letter dated 5 October 1979, received by the Commission on 8 October 1979, the claimant basically gave his "grounds" for appeal. The record before us conclusively discloses that the claimant did not comply with the provisions of G.S. § 96-15(h) and (i) in giving his notice of appeal and stating the grounds thereon within ten days of the "notification or mailing" of the Commission's decision. Thus the Superior Court had no authority to entertain the appeal and enter its order reversing the decision of the Commission.

The order of the Superior Court is vacated and the cause is remanded to the Superior Court for the entry of an order dismissing the appeal of claimant from the decision of the Commission mailed 17 September 1979. The costs of the appeal to this Court will be taxed against the Employment Security Commission.

Vacated and remanded.

Judges MARTIN (Robert M.) and CLARK concur.