IN THE MATTER OF: MAMIE TYSON VANDIFORD, WIDOW OF WILLIS HENRY VANDIFORD, DECEASED, ROUTE 1, BOX 291-F, GREENVILLE, NORTH CAROLINA

No. 8110IC577

(Filed 2 March 1982)

**Firemen's Pension Act § 1; Master and Servant § 95 — death of firemen — claim for benefits — no appellate review**

G.S. 143-166.4 governs the administration of claims under the death benefit act for firemen and law enforcement officers, G.S. Ch. 143, Art. 12A, and decisions of the Industrial Commission in such proceedings are final and conclusive. Therefore, the Court of Appeals had no jurisdiction to review the decision of the Industrial Commission denying the claim of a fireman's widow for such benefits.

APPEAL by petitioner from the decision and order of the North Carolina Industrial Commission filed 9 March 1981. Heard in the Court of Appeals 3 February 1982.

This is an appeal from a final decision of the North Carolina Industrial Commission denying claimant's petition for benefits pursuant to article 12A of chapter 143 of the General Statutes of North Carolina, the death benefit act for firemen and law enforcement officers. The evidence indicated that petitioner's husband, a member of the Bell Arthur Fire Department, died as the result of injuries that he received while at the scene of a fire outside the Bell Arthur fire district. The Commission held that the deceased was not performing any official duties within the meaning of N.C.G.S. 143-166.1 at the time he was injured, and, therefore, petitioner was not entitled to benefits under the statute.

· *Attorney General Edmisten, by Assistant Attorneys General Ralf F. Haskell and Eliasha H. Bunting, Jr., for appellee.*

*John B. Lewis, Jr. for appellant.*

MARTIN (Harry C.), Judge.

At the threshold, we are faced with the jurisdictional question of appellant's right of appeal in this case. Our research discloses that this is a question of first impression in North Carolina.

The pertinent portion of the statute in question reads:

The Industrial Commission shall have power to make necessary rules and regulations for the administration of the provisions of this Article. It shall be vested with power to make all determinations necessary for the administration of this Article and all of its decisions and determinations shall be final and conclusive and not subject to review or reversal except by the Industrial Commission itself.

N.C. Gen. Stat. § 143-166.4 (1978). This act was passed in 1959. At that time, the following portion of chapter 143 of the General Statutes was in effect:

*Right to judicial review.* — Any person who is aggrieved by a final administrative decision, and who has exhausted all administrative remedies made available to him by statute or agency rule, is entitled to judicial review of such decision under this article, unless adequate procedure for judicial review is provided by some other statute, in which case the review shall be under such other statute.

N.C. Gen. Stat. § 143-307 (1964). This statute was passed in 1953 but was repealed in 1973 and reenacted that same year in almost identical language as section 43 of chapter 150A, the Administrative Procedure Act. Proceedings before the North Carolina Industrial Commission are specifically exempted from the provisions of the Administrative Procedure Act. N.C. Gen. Stat. § 150A-1(a)(1978).

Therefore, at the time of the events in question in this case, 5 September 1977, section 143-307 was not in effect, and the Administrative Procedure Act, by its specific terms, did not apply to this proceeding.

There remains, however, the question of the effect of N.C.G.S. 7A-29 upon N.C.G.S. 143-166.4. The part of section 29 necessary for our consideration is: "From any final order or decision of the . . . North Carolina Industrial Commission . . . appeal as of right lies directly to the Court of Appeals." Section 29 was adopted in 1967. Prior thereto, appellate review of Industrial Commission cases had been by appeal to the superior court, with final review in the Supreme Court. N.C. Gen. Stat. § 97-86 (1965). This was the method of appellate review from 1929 to 1967. *See* § 8081 (ppp) of the North Carolina Code of 1935.

Article 12A of chapter 143, the firemen's benefit act, is not a part of the North Carolina Workers' Compensation Act. The methods of appellate review contained in the compensation act are not applicable to the Industrial Commission's function under article 12A. Although the legislature delegated to the Commission the authority to promulgate the necessary rules and regulations for the administration of claims under article 12A, the statute specifically made the determinations of the Commission final and conclusive and not subject to further review.

Where one statute deals with the subject matter (appellate review) in detail with reference to a particular situation (claims under article 12A) and another statute deals with the same subject matter in general and comprehensive terms, the particular statute will be construed as controlling in the particular situation, unless it clearly appears that the legislature intended to make the general act controlling in regard thereto. The fact that the particular statute was later enacted adds additional weight to this rule of construction. *Food Stores v. Board of Alcoholic Control,*

268 N.C. 624, 151 S.E. 2d 582 (1966); *Utilities Comm. v. Electric Membership Corp.*, 3 N.C. App. 309, 164 S.E. 2d 889 (1968). Here, the 1929 North Carolina Workmen's Compensation Act provided a method of judicial review of determinations by the Industrial Commission. Thereafter, in 1959, article 12A of chapter 143 was passed, with section 166.4 particularly dealing with appellate review of claims under the article. The subsequent adoption of N.C.G.S. 7A-29 did not grant appellate review of determinations by the Industrial Commission; that had already been provided in the 1929 statute. N.C.G.S. 7A-29 merely established a new method of appellate review, occasioned by the creation of the Court of Appeals of North Carolina.

There is no constitutional or inalienable right of appellate or judicial review of an administrative decision. If the statute does not provide for appeal, none exists. *In re Assessment of Sales Tax,* 259 N.C. 589, 131 S.E. 2d 441 (1963); *In re Employment Security Com.,* 234 N.C. 651, 68 S.E. 2d 311 (1951); *Gunter v. Sanford,* 186 N.C. 452, 120 S.E. 41 (1923). There can be no appeal from the decision of an administrative agency except pursuant to specific statutory provision therefor. *In re Employment, supra.*[1] Although the death of Mr. Vandiford is indeed regrettable, the question of whether to provide appellate review of decisions by the Industrial Commission pursuant to N.C.G.S. 143-166.4 is a matter for the legislature, not the courts.

Our holding today is in accord with decisions of the United States Supreme Court. Federal constitutional due process does not require judicial review of final state agency action. *Reetz v. Michigan,* 188 U.S. 505, 47 L.Ed. 563 (1903). Later cases, without referring to *Reetz,* hold that preclusion of judicial review of federal agency action extends only to review of agency decisions applying the statute to a particular set of facts. *Johnson v. Robison,* 415 U.S. 361, 39 L.Ed. 2d 389 (1974). (Petitioner Vandiford is seeking judicial review of such agency decision.) Likewise, federal constitutional due process does not require appellate review of civil and criminal cases. *Abney v. United States,* 431 U.S. 651, 52 L.Ed. 2d 651 (1977); *Estelle v. Dorrough,* 420 U.S. 534, 43 L.Ed. 2d 377 (1975); *Ortwein v. Schwab,* 410 U.S. 656, 35

---

1. For a general discussion of judicial review of agency action, see G. Robinson, E. Gellhorn and H. Bruff, The Administrative Process 38-42 (2d ed. 1980).

L.Ed. 2d 572 (1973); *District of Columbia v. Clawans*, 300 U.S. 617, 81 L.Ed. 843 (1936); *Luckenbach S. S. Co. v. United States*, 272 U.S. 533, 71 L.Ed. 394 (1926).

Therefore, we hold that N.C.G.S. 143-166.4 governs the administration of claims under article 12A of the statute, and by its specific terms, the decisions by the Industrial Commission are final and conclusive. Appeal from its decisions is proscribed. It follows that this Court has no jurisdiction to review this appeal of the decision by the North Carolina Industrial Commission made pursuant to N.C. G.S. 143-166.4. The appeal must be dismissed.

Chief Judge MORRIS and Judge VAUGHN concur.