IN THE MATTER OF ROGER R. SMITH v. DANIELS INTERNATIONAL AND EMPLOYMENT SECURITY COMMISSION OF NORTH CAROLINA

No. 8210SC1013

(Filed 4 October 1983)

**Master and Servant § 111; Rules of Civil Procedure § 6— mailing of decision of Employment Security Commission adjudicator—time for filing appeal**

    G.S. 1A-1, Rule 6(e) does not apply to appeals from an Employment Security Commission adjudicator so as to give the appealing party, in addition to the 10-day period prescribed by G.S. 96-15(b)(2), three additional days within which to file an appeal when the adjudicator's decision is mailed to the parties, since G.S. 96-15(b)(2) expressly provides that the 10-day period applies "whether the conclusion be delivered manually or mailed," and G.S. 1A-1, Rule 1 thus precludes application of the 3-day grace period provided by G.S. 1A-1, Rule 6(e).

APPEAL by the Employment Security Commission from *Smith (Donald L.), Judge*. Judgment entered 11 August 1982 in Superior Court, WAKE County. Heard in the Court of Appeals 24 August 1983.

*No brief filed for claimant appellee.*

*C. Coleman Billingsley, Jr., for respondent appellant Employment Security Commission.*

*No brief filed for respondent Daniels International.*

WHICHARD, Judge.

The issue is whether G.S. 1A-1, Rule 6(e) applies to appeals from an Employment Security Commission adjudicator, so as to give the appealing party, in addition to the ten-day period prescribed by G.S. 96-15(b)(2), three additional days within which to file an appeal. We hold that it does not.

An Employment Security Commission adjudicator found claimant disqualified for benefits because discharged for misconduct in connection with his work. The determination was mailed to claimant on 29 May 1981. It informed him that his appeal rights expired on 8 June 1981.

Claimant filed a request for appeal on 10 June 1981. The appeals referee disallowed the request for untimely filing, and the Full Commission affirmed.

The superior court, on claimant's appeal, made the following finding:

> The Court, having examined the record on appeal, finds that Rule 6(e) of the North Carolina Rules of Civil Procedure when construed with N.C.G.S. 96-15(b)(2), so as not to be repugnant, applies to the Employment Security Commission and that three additional days shall be given a party to appeal when the decision of an Adjudicator is mailed.

It further found that claimant had "appealed the decision within ten days plus three additional days from the date mailed." It accordingly reversed the Commission's decision and remanded for "decision on the issue of separation."

G.S. 1A-1, Rule 1 provides: "These rules shall govern the procedure in the superior and district courts . . . except when a differing procedure is prescribed by statute." G.S. 1A-1, Rule 6(e) provides: "Whenever a party has the right to do some act or take some proceedings within a prescribed period after the service of a

notice or other paper upon him and the notice or paper is served upon him by mail, three days shall be added to the prescribed period." Thus, unless "a differing procedure is prescribed by statute," defendant had thirteen days within which to file his appeal; and the appeal was timely.

G.S. 96-15(b)(2) (1981), however, as in effect at the time in question, in pertinent part provided: "Unless the claimant . . . within 10 days after notification of the conclusion of the adjudicator, *whether the conclusion be delivered manually or mailed*, files an appeal to such conclusion, the conclusion shall be final and benefits paid or denied in accordance therewith." (Emphasis supplied.) (This statute was amended by Act of April 1, 1981, ch. 160, § 27, 1981 N.C. Sess. Laws 131, 135, effective 1 July 1981.) The provision that the ten-day limit applies "whether the conclusion [is] delivered manually or mailed" clearly indicates legislative intent to establish "a differing procedure" from that prescribed by G.S. 1A-1, Rule 6(e). G.S. 1A-1, Rule 1 thus precludes application of the three-day grace period provided by G.S. 1A-1, Rule 6(e) and dictates that the express ten-day limit of G.S. 96-15(b)(2) controls.

Because the record conclusively discloses that claimant did not comply with the time limitation imposed by G.S. 96-15(b)(2) in giving his notice of appeal, and because that limitation controls and excludes the grace period provided by G.S. 1A-1, Rule 6(e), the superior court had no authority to entertain the appeal and reverse the decision of the Commission. *In re Browning*, 51 N.C. App. 161, 163, 275 S.E. 2d 520, 521-22 (1981). Accordingly, its judgment is vacated, and the cause is remanded for entry of an order dismissing the appeal.

Vacated and remanded.

Judges JOHNSON and EAGLES concur.