IN THE MATTER OF NATHANIEL JOSEY v. EMPLOYMENT SECURITY COMMISSION OF NORTH CAROLINA

No. 627PA87

(Filed 5 May 1988)

1. **Master and Servant § 111— appeal of Employment Security Commission decision—properly before Supreme Court**

An appeal from a superior court review of an Employment Security Commission decision was properly before the Supreme Court where, although claimant's original petition to the Commission may be interpreted to ask only that the Commission exercise its discretion to reduce his period of disqualification, his memorandum of law asked the Commission to interpret N.C.G.S. § 96-14(10), the Commission interpreted that statute to hold that his 1984 dis-

qualification was not suspended by his 1987 entitlement, and, although claimant did not except to the failure of the Commission to exercise its discretion, *that is not a ground upon which relief was sought on appeal.*

**2. Master and Servant § 108.2— unemployment compensation—prior disqualification—not removed**

The Employment Security Commission did not err by ruling that appellant's permanent disqualification in 1984 was not removed by his earning a new entitlement to unemployment compensation in 1987 where claimant was at fault for the 1987 discharge. The plain words of N.C.G.S. § 96-14(10) provide that disqualification may be removed by later employment and a discharge through no fault of the claimant.

**3. Master and Servant § 108.1— unemployment compensation—permanent disqualification not removed by subsequent entitlement—no violation of federal law**

The Employment Security Commission's holding that appellant's prior disqualification for unemployment benefits was not removed by his earning a new entitlement where he was at fault for his second discharge did not violate federal law because appellant was not administratively determined to be eligible for unemployment compensation after his second discharge. Furthermore, a federal district court decision holding a Michigan statute which imposed a penalty on subsequent unemployment compensation after obtaining benefits by fraud to be in violation of federal requirements was not binding or persuasive.

Justice MARTIN dissenting.

Chief Justice EXUM and Justice FRYE join in this dissenting opinion.

ON discretionary review pursuant to N.C.G.S. § 7A-31, prior to determination by the North Carolina Court of Appeals, from a decision by *Barefoot, J.,* at the 28 September 1987 Session of Superior Court, NEW HANOVER County. Heard in the Supreme Court 13 April 1988.

This is a case involving the qualification of the petitioner for unemployment benefits. The following facts are not in dispute. On 12 December 1984 the respondent Employment Security Commission entered an order disqualifying the petitioner from receiving unemployment benefits for the duration of his unemployment because the Commission found the petitioner was discharged for substantial fault on his part. The petitioner had been employed by Gold Bond Products. Petitioner was then employed by Gang-Nail from 3 March 1986 until 23 January 1987 at which time he was discharged. On 13 March 1987 the respondent disqualified the petitioner from receiving unemployment benefits from 25 January 1987 until 21 February 1987 for substantial fault with mitigating circumstances in his discharge from Gang-Nail.

The petitioner thereafter became aware that the Commission considered the disqualification ordered in 1984 to still be effective and that he was not to receive benefits. The petitioner then filed a petition with the Commission for a reduction of disqualification. In his petition he asked that the Commission exercise its discretion and reduce his 1984 disqualification. In his memorandum of law in support of the petition he argued that his 1984 disqualification did not extend to his 1987 entitlement.

The Commission on 16 June 1987 denied the petition for reduction of disqualification, holding that the permanent disqualification was not removed by the claimant's 1986-1987 employment and refused to exercise its discretion to reduce the disqualification. The claimant filed a petition for review with the superior court and requested in the petition a declaratory judgment that the respondent was in error in holding the duration of his unemployment after his discharge from Gold Bond extended through subsequent periods of unemployment and that the respondent erred in holding that its discretion to reduce permanent disqualifications was limited to "extraordinary and compelling reasons such as cases involving one spouse's leaving work to accompany the other spouse to another area too distant for reasonable commuting."

The superior court granted the respondent's motion for summary judgment. The petitioner appealed.

*Legal Services of the Lower Cape Fear, by Richard M. Klein and James J. Wall, for claimant appellant.*

*T. S. Whitaker, Chief Counsel, and V. Henry Gransee, Jr., Deputy Chief Counsel, for the Employment Security Commission of North Carolina.*

WEBB, Justice.

[1] The first question posed by this appeal is whether the appellant is properly in this Court. The appellee argues that in his petition to the Employment Security Commission the appellant asked only that the respondent exercise its discretion pursuant to N.C.G.S. § 96-14(10) and reduce the period of his disqualification. He did not petition the Commission to interpret N.C.G.S. § 96-14(10) and hold that the 1984 disqualification did not apply to

his 1987 entitlement. The appellee says that because the petitioner did not ask the Commission to interpret the statute he cannot ask the courts to do so on appeal. For this reason the appellee argues the appeal should be dismissed.

It is true the claimant's petition to the Commission may be interpreted to ask only that the Commission exercise its discretion to reduce his period of disqualification but in his memorandum of law in support of the petition he asked the Commission to interpret the statute and hold that the 1984 disqualification did not affect his later entitlement. The Commission interpreted the statute to hold that the 1984 disqualification was not suspended by the 1987 entitlement. The Commission has passed on the question which the appellant argues in this Court. We have jurisdiction to determine it.

The appellee also contends that in his petition to the superior court for review the appellant did not allege that the Commission abused its discretion in not reducing his disqualification. The appellee, relying on *In re Employment Security Comm.*, 234 N.C. 651, 68 S.E. 2d 311 (1951), says that the appellant by failing to allege the Commission had abused its discretion has not taken exception to the findings of the Commission. For that reason, says the appellee, the appellant's case may not be determined in the courts. *Employment Security Comm.* is not helpful to the appellee. In that case the employee's claim was dismissed because he did not file a statement of the grounds for which review was sought. In this case the appellant filed a paper which set forth the grounds upon which he sought review. It is true he did not except to the failure of the Commission to exercise its discretion but that is not a ground upon which relief was sought in the appeal. The superior court was correct in hearing the case and the appeal is properly in this Court.

[2]   The Commission has ruled that the appellant's permanent disqualification in 1984 was not removed by his earning a new entitlement to unemployment compensation in 1987. The Commission's determination depends on the interpretation of N.C.G.S. § 96-14 which provides in pertinent part:

An individual shall be disqualified for benefits:

. . . .

(2) For the duration of his unemployment . . . if it is determined by the Commission that such individual is, at the time such claim is filed, unemployed because he was discharged for misconduct connected with his work.

. . . .

(10) Any employee disqualified for the duration of his unemployment due to the provisions of . . . (2) . . . above may have that permanent disqualification removed if he meets the following three conditions:

a. Returns to work for at least five weeks and is paid cumulative wages of at least 10 times his weekly benefit amount;

b. Subsequently becomes unemployed through no fault of his own; and

c. Meets the availability requirements of the law.

We hold that the plain words of this statute require that the order of the Commission be affirmed. N.C.G.S. § 96-14(2) provides that the appellant be denied unemployment benefits for the duration of his unemployment if he is discharged for misconduct connected with his work. This is what happened to the petitioner. An unemployed person may have this disqualification removed under N.C.G.S. § 96-14(10) if he meets three requirements, one of which is that he subsequently becomes unemployed through no fault of his own. The appellant did not subsequently become unemployed through no fault of his own. We believe N.C.G.S. § 96-14(10) fits this case specifically. It refers to a subsequent employment which will remove disqualification under certain circumstances. Those circumstances did not occur and the disqualification was not removed.

The appellant contends there is no reason to believe the General Assembly intended the words "duration of unemployment" in N.C.G.S. § 96-14(2) to include periods of unemployment two or more years after the appellant's original period of unemployment. He argues that the "duration of unemployment" refers to the unemployment from the job at Gold Bond. He established a new eligibility at Gang-Nail and he says the disqualification from his Gold Bond employment does not affect it.

The difficulty with this argument is that it ignores the plain words of the statute. The statute provides that disqualification may be removed by later employment and a discharge through no fault of the claimant. There was a later employment in this case but the claimant was at fault for this discharge.

[3] The appellant next contends the interpretation of the statute by the Commission violates federal law. The federal government provides a part of the funds for unemployment compensation and the state law has to comply with federal requirements in the administration of the employment security funds. The appellant, relying on *California Dept. of Human Resources v. Java*, 402 U.S. 121, 28 L.Ed. 2d 666 (1971), argues that the disqualification to receive benefits based on his 1987 entitlement because of his 1984 disqualification violates the requirements of 42 U.S.C. §§ 501-503. In *Java* the United States Supreme Court held that a federal requirement of state employment security programs is that payments must commence when they are first administratively allowed after a hearing of which the parties have notice and are permitted to present their respective positions. In this case the appellant has not been administratively determined to be eligible for unemployment compensation. He was not so determined, as contended by the appellant, when the appeals referee found on 13 March 1987 that he was discharged from Gang-Nail for substantial fault with mitigating circumstances. At that time he was ineligible for compensation because of his discharge from Gold Bond. *Java* has no application to this case.

The appellant also relies on *Intern. Union v. Michigan Employment Comm.*, 517 F. Supp. 12 (E.D. Mich. 1980). In that case a Michigan statute provided that if a person obtained .unemployment benefits by fraud he would be penalized in certain circumstances if he subsequently received unemployment compensation by not receiving the first six weeks of compensation. A federal district court held that this provision violated the federal requirements. We are not bound by this case and its reasoning is not persuasive to us.

The judgment of the superior court is

Affirmed.

Justice MARTIN dissenting.

I respectfully dissent from the majority opinion. The issue before this Court is one of statutory construction of a disqualification clause of the Employment Security Act. We must strictly construe in favor of the claimant those sections of the Act that impose disqualifications, and disqualifications should not be enlarged by implication. *In re Watson,* 273 N.C. 629, 161 S.E. 2d 1 (1968). Upon applying that rule of construction here, I find that claimant is not barred from benefits accruing from his employment with Gang-Nail upon his discharge in 1987.

It is clear to me that the phrase "for the duration of his unemployment" in N.C.G.S. § 96-14(2) applies in this case only to claimant's unemployment resulting from his discharge from Gold Bond in 1984. This period of unemployment ended upon Josey's employment with Gang-Nail on 3 March 1986. The clear purpose of the statute is to prevent Josey from receiving benefits from his employment with *Gold Bond* until he complies with N.C.G.S. § 96-14(10). To construe the statute otherwise requires an expansion of the disqualification by implication. Such construction violates the legislative purposes of the Act. N.C.G.S. § 96-2 (1985).

A strict construction of the phrase "for the duration of his unemployment" limits the disqualification to the period of unemployment from Gold Bond and does not apply to Josey's subsequent unemployment from Gang-Nail. It is to be remembered that Josey worked for Gang-Nail the required time periods to establish his rights to unemployment benefits. Further, he received penalties arising from his discharge from Gang-Nail by being denied four weeks of his benefits.

The majority opinion results in a most bizarre predicament. Had Josey not applied for benefits following his discharge from Gold Bond, he would be entitled to benefits from his unemployment from Gang-Nail. Thus, a situation results that if a claimant seeks his benefits for unemployment where he may be and is found to be substantially at fault, the majority holds he cannot thereafter receive benefits from *any subsequent unemployment* until he has complied with N.C.G.S. § 96-14(10). Conversely, if a claimant does not seek benefits from his first unemployment where he may be found to be substantially at fault, he is free to receive benefits during his second unemployment period. This

Court should not place such an incongruous result within the legislative intent of the General Assembly.

The fair result, which complies with our rules of statutory construction in unemployment compensation cases, is to deny Josey unemployment benefits arising from his unemployment with Gold Bond because he has failed to comply with N.C.G.S. § 96-14(10) with respect to that unemployment. However, the 1984 disqualification should not be applied to Josey's 1987 unemployment from Gang-Nail, where he has built a new basis for benefits separate and apart from his employment with Gold Bond.

My vote is to reverse the summary judgment granted by the superior court.

Chief Justice EXUM and Justice FRYE join in this dissenting opinion.