IN THE MATTER OF: THE APPEAL OF GENERAL TIRE, INC., FROM THE APPRAISAL OF CERTAIN PERSONAL PROPERTY BY THE MECKLENBURG COUNTY BOARD OF EQUALIZATION AND REVIEW FOR 1987

No. 9010PTC576

(Filed 5 March 1991)

**Taxation § 25.11 (NCI3d)— appeal from Property Tax Commission— controlling statute—timely notice**

The County's notice of appeal from a decision of the Property Tax Commission was not timely where the last day the County could have filed timely notice was Monday, 8 January 1990, and the notice of appeal was filed on 10 January 1990. The appropriate analysis for the time for taking such appeal lies in N.C.G.S. § 105-345, which clearly establishes that the appealing party has 30 days after the entry of the final order or decision to file its notice of appeal and exceptions. Rule 27(b) of the North Carolina Rules of Appellate Procedure, which allows an additional three days in which to appeal after a party is served by mail, is inapplicable because the time limitations in N.C.G.S. § 105-345 are triggered by the entry of the final order or decision, and service is not required by the statute.

**Am Jur 2d, Appeal and Error §§ 293, 316.**

APPEAL by Mecklenburg County from the final decision entered 8 December 1989 and the order of 2 March 1990 by Chairman William P. Pinna, North Carolina Property Tax Commission. Heard in the Court of Appeals 5 December 1990.

On 25 April through 28 April 1989, the Property Tax Commission conducted a hearing concerning the ad valorem tax valuation

**IN RE APPEAL OF GENERAL TIRE**

[102 N.C. App. 38 (1991)]

of certain property owned by General Tire, Inc. The Property Tax Commission issued its final decision dated 8 December 1989. Counsel for General Tire received the final decision by certified mail on 11 December 1989, and counsel for Mecklenburg County (hereinafter the County) received the decision on 12 December 1989.

The County filed notice of appeal on 10 January 1990. General Tire subsequently filed a request for a ruling on whether the County's notice of appeal was filed in a timely fashion. The Property Tax Commission heard oral arguments on 1 February 1990. On 2 March 1990, the Property Tax Commission issued its order dismissing the appeal on the ground that it was not timely filed.

From the decision of 8 December 1989 and the order of 2 March 1990, the County appeals.

*Ruff, Bond, Cobb, Wade & McNair, by Hamlin L. Wade, for Mecklenburg County-appellant.*

*Blakeney, Alexander & Machen, by Ernest W. Machen, Jr. and David L. Terry, for General Tire-appellee.*

ORR, Judge.

The County argues four errors on appeal. For the following reasons, we hold that the Property Tax Commission (hereinafter the Commission) did not err in dismissing the County's appeal and therefore affirm its order of 2 March 1990.

The standard of review of a decision of the Property Tax Commission is under N.C. Gen. Stat. § 105-345.2 (1989). *In re McElwee*, 304 N.C. 68, 74, 283 S.E.2d 115, 119 (1981). This procedure for review is the same as that under the Administrative Procedure Act, Chapter 150B (formerly Chapter 150A). *Id.* Under § 105-345.2,

The court may affirm or reverse the decision of the Commission, declare the same null and void, or remand the case for further proceedings; or it may reverse or modify the decision if the substantial rights of the appellants have been prejudiced because the Commission's findings, inferences, conclusions or decisions are:

. . . .

(5) Unsupported by competent, material and substantial evidence in view of the entire record as submitted; . . . .

N.C. Gen. Stat. § 105-345.2(b) (1989).

On appeal, our review is limited to a determination of whether the decision is supported by substantial evidence, in view of the "entire record" as submitted. N.C. Gen. Stat. § 105-345.2(b) (1989); see N.C. Gen. Stat. § 150B-51 (1987); Thompson v. Board of Education, 292 N.C. 406, 233 S.E.2d 538 (1977). This Court is not permitted to replace the Commission's judgment with its own when there are two reasonably conflicting views, although it could have reached a different decision upon de novo review. 292 N.C. at 410, 233 S.E.2d at 541. Further, the credibility of the witnesses and resolution of conflicting testimony is a matter for the administrative agency to determine. Comr. of Insurance v. Rate Bureau, 300 N.C. 381, 406, 269 S.E.2d 547, 565, reh'g denied, 301 N.C. 107, 273 S.E.2d 300-01 (1980). In this context, substantial evidence is more than a scintilla or permissible inference; it is relevant evidence adequate to support a conclusion. Lackey v. Dept. of Human Resources, 306 N.C. 231, 238, 293 S.E.2d 171, 176 (1982) (citations omitted).

With these general principles in mind, we now turn to the case sub judice. The dispositive issue on appeal is whether there is substantial evidence to support the Commission's findings and conclusions that under the applicable statutes the County was not entitled to more than 30 days to file its notice of appeal to the Commission. We hold that the evidence supports the Commission's findings and conclusions.

We note at the outset that there is no inherent right to an appeal from an administrative agency's decision unless a statute grants the right to appeal. In re Vandiford, 56 N.C. App. 224, 227, 287 S.E.2d 912, 914 (1982). Such appeal must conform to the statutes granting the right of appeal and regulating the procedures. In re Employment Security Com., 234 N.C. 651, 68 S.E.2d 311 (1951).

Generally, the method and time allowances for direct appeals from administrative agencies to the appellate division are found in Rule 18 of the N.C. Rules of Appellate Procedure. Under this rule:

(a) General. Appeals of right from administrative agencies, boards, or commissions (hereinafter "agency") directly to the appellate division under G.S. 7A-29 shall be in accordance with the procedures provided in these rules for appeals of right

IN RE APPEAL OF GENERAL TIRE

[102 N.C. App. 38 (1991)]

from the courts of the trial divisions, except as hereinafter provided in this Article.

(b) Time and Method for Taking Appeals.

(1) The times and methods for taking appeals from an agency shall be as provided in this Rule 18 *unless the statutes governing the agency provide otherwise, in which case those statutes shall control.*

(2) Any party to the proceeding may appeal from a final agency determination to the appropriate court of the appellate division for alleged errors of law by filing and serving a notice of appeal within 30 days after receipt of a copy of the final order of the agency.

N.C. App. R. 18 (emphasis added).

The County argues that it should have 30 days plus three days to file its appeal under two theories: Rule 18(b)(2) allows 30 days from its receipt of the decision (12 December 1989) because there are no statutes which "provide otherwise" under Rule 18(b)(1), and secondly Rule 27(b) of the N.C. Rules of Appellate Procedure allows additional time when notice is served by mail. We disagree.

First, under Rule 18(b)(1), there are "statutes governing the agency [which] provide otherwise." The method and time allowances for appeals from the Property Tax Commission are found under · N.C. Gen. Stat. § 105-345 (1985). Under this statute:

(a) No party to a proceeding before the Property Tax Commission may appeal from any final order or decision of the Commission unless within 30 days after the entry of such final order or decision the party aggrieved by such decision or order shall file with the Commission notice of appeal and exceptions which shall set forth specifically the ground or grounds on which the aggrieved party considers said decision or order to be unlawful, unjust, unreasonable or unwarranted, and including errors alleged to have been committed by the Commission.

. . . .

**IN RE APPEAL OF GENERAL TIRE**

[102 N.C. App. 38 (1991)]

(d) The appeal shall lie to the Court of Appeals as provided in G.S. 7A-29. The procedure for the appeal shall be as provided by the rules of appellate procedure.

N.C. Gen. Stat. § 105-345 (1985).

Pursuant to subsection (d) above, N.C. Gen. Stat. § 7A-29 (1986) provides that "appeal as of right lies directly to the Court of Appeals" from a final decision or order by the Property Tax Commission under G.S. § 105-290 and § 105-342. This subsection, however, does not permit a party to circumvent the manner in which appeals are taken under subsection (a) of § 105-345 by relying on Rule 18(b)(2) of the N.C. Rules of Appellate Procedure or other state or federal rules of civil procedure. Therefore, we find that the appropriate analysis for the time for taking such appeal lies in § 105-345.

The above language in subsection (a) clearly establishes the time for filing an appeal from the final order or decision of the Commission: the appealing party has 30 days after the *entry* of the final order or decision to file its notice of appeal and exceptions. This is the language which "provide[s] otherwise" under Rule 18(b)(1) and therefore "shall control." Under Rule 18(b)(2), the time to file notice of appeal runs from a party's *receipt* of a copy of the final order, not *entry* of judgment as specified in § 105-345.

Second, the County argues that Rule 27(b) of the N.C. Rules of Appellate Procedure allows an additional three days in which to appeal after a party is served by mail. Under the rule:

Whenever a party has the right to do some act or take some proceedings within the prescribed period after the *service* of a notice or other paper upon him, and the notice or paper is served by mail, three days shall be added to the prescribed period.

N.C. App. R. 27(b). (Emphasis added.)

The County is correct in its analysis of this rule to the extent that what triggers a three-day extension is the *service* of a notice or other paper whenever a party has the *right* to do some act. Under § 105-345, the controlling statute, what triggers the time limitations for giving notice of appeal is the *entry* of the final order or decision. Service is not required by the statute. Therefore, Rule 27(b) is inapplicable in the present case.

**IN RE APPEAL OF GENERAL TIRE**

[102 N.C. App. 38 (1991)]

Likewise, Rule 58 of the N.C. Rules of Civil Procedure is inapplicable. Under Rule 58, when judgment is not rendered in open court, entry occurs when "an order for the entry of judgment is received by the clerk . . . , the judgment is filed, and the clerk mails notice of its filing to all parties." In the present case, N.C. Gen. Stat. § 105-290 controls appeals to the Property Tax Commission, including entry of judgment. Under this statute:

(b) Appeals from Appraisal and Listing Decisions.—It shall be the duty of the Property Tax Commission to hear and to adjudicate appeals from decisions made by county boards . . . , whether the decisions be made by such a board upon appeal from the tax supervisor or upon such a board's own motion.

. . . .

(3) On the basis of the findings of fact and conclusions of law . . . , the Property Tax Commission *shall enter an order* (incorporating the findings and conclusions) . . . . A certified copy of the order shall be delivered to the appellant . . . .

N.C. Gen. Stat. § 105-290(b)(3) (1985) (emphasis added).

In the case *sub judice*, the Commission followed § 105-290(b)(3). In its order dated 2 March 1990, the Commission made the following findings and conclusions to which the County excepts:

1. The Final Decision of the Commission in this matter was entered on 8 December 1989.

2. Copies of the said Final Decision were placed in the care of the United States Postal Service, properly addressed to counsel for the Taxpayer and counsel for Mecklenburg County, on 8 December 1989.

. . .

Based upon its findings of fact set forth above, the Commission makes the following conclusions of law:

. . .

5. The Commission concludes as a matter of law that the time for taking appeal from a final decision of the Commission is governed by North Carolina Rules of Appellate Procedure 18,

and by G.S. 105-345. In this particular instance, the time of taking such an appeal is also affected by the provisions of G.S. 105-395.1.

. . .

7. The Commission concludes as a matter of law that the time and method for taking an appeal from any decision of the Commission is set forth in G.S. 105-345. G.S. 105-345(a) provides: "[n]o party to a proceeding before the Property Tax Commission may appeal from any final order or decision of the Commission unless within *30 days after the entry* of such final order or decision the party aggrieved by such decision shall file with the Commission notice of appeal and exceptions which shall set forth specifically the ground or grounds on which the aggrieved party considers said decision or order to be unlawful, unjust, unreasonable or unwarranted, and including errors alleged to have been committed by the Commission." Emphasis added.

There is evidence to support these findings and conclusions. At the hearing, Bartley McLean, Jr., counsel for the Commission, testified that in accordance with normal procedure, the final decision was signed by the Chairman prior to 8 December; the decision was dated and mailed on 8 December to ensure that the date shown is the date of entry; and he (McLean) signed a transmittal letter to the parties dated 8 December and personally observed the decision and letter placed "in the place where we generally put mail for pickup by the Department of Revenue's mail carriers [who routinely pick up mail, take it back to the mail room at Revenue and place it in the United States mail service]." McLean further testified that the Commission does not stamp orders and decisions with a date stamp the same as it does other correspondence, and that a "decision is not considered filed and entered until it is dated [which is] . . . the last act prior to it being copied and mailed." We note that 8 December 1989 was a Friday, and that no other action could have been taken by the Commission after placing the order in the mail on that date. Otherwise, respondent would not have received its copy of the order on Monday, 11 December 1989.

Further, the decision states, "*Entered* this the 8th day of December, 1989." (Emphasis added.) Based upon the evidence, we hold that the Commission entered its decision on 8 December 1989.

**IN RE APPEAL OF GENERAL TIRE**

[102 N.C. App. 38 (1991)]

The 30-day period in which to file an appeal under § 105-345 must then be calculated from 8 December 1989. Such calendar period runs to 7 January 1990, a Sunday. Under § 105-395.1, which applies to the prescribed time period in § 105-345, "When the last day for doing an act required or permitted by this Subchapter falls on a Saturday, Sunday, or holiday, the act is considered to be done within the prescribed time limit if it is done on the next business day." The next business day was Monday, 8 January 1990. This was the last day under the statute that the County could have filed timely notice of appeal.

It is undisputed that the County filed notice of appeal on 10 January 1990. Therefore, we hold that under § 105-345, the County's notice of appeal was not timely, and that the Commission did not err in dismissing the County's appeal. Our holding in the present case is consistent with other cases in this jurisdiction concerning the timeliness of filing notice of appeal of administrative decisions. *In re Browning*, 51 N.C. App. 161, 275 S.E.2d 520 (1981) (appeal from decision of the Employment Security Commission); *Fisher v. E. I. Du Pont De Nemours*, 54 N.C. App. 176, 282 S.E.2d 543 (1981) (Industrial Commission appeal). Further, we are required to resolve any conflicts between the controlling statute and the Rules of Civil Procedure in favor of the statute. *See In re Smith v. Daniels International*, 64 N.C. App. 381, 307 S.E.2d 434 (1983).

For the above reasons, we hold that there is substantial evidence to support the Commission's findings and conclusions and affirm the Commission's order dismissing the County's appeal.

Affirmed.

Judges PHILLIPS and GREENE concur.