An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA25-724

Filed 6 May 2026

Cabarrus County, No. 24CV005448-120

LAURA FRANZO, Petitioner,

v.

NORTH CAROLINA DIVISION OF EMPLOYMENT SECURITY, Respondent.

Appeal by Petitioner from order entered 5 February 2025 by Judge Eric C. Morgan in Cabarrus County Superior Court. Heard in the Court of Appeals 25 February 2026.

> *Laura Franzo, pro se, petitioner-appellant*

> *Chynna T. Smith and Sharon J. Martin, for respondent-appellee North Carolina Department of Commerce, Division of Employment Security.*

STADING, Judge.

Laura Franzo ("Petitioner"), appeals the trial court's dismissal of her petition for judicial review of the Employment Security Division's Board of Review's (the "Board of Review") decision in Higher Authority Decision No. 24-HA-001625 on 5 February 2025. After a thorough review of the record, we affirm the trial court's order.

## I.    Background

On 10 October 2024, the Board of Review decided that Petitioner was overpaid benefits such as unemployment insurance benefits and federal supplemental benefits.  On 5 November 2024, Petitioner petitioned for judicial review with the Cabarrus County Clerk of Superior Court.  Petitioner properly served the petition for judicial review on the North Carolina Department of Commerce and the Division of Employment Security (or "DES") consistent with the requirements set forth in N.C. Gen. Stat. § 96-15(h).  Petitioner did not, however, serve the petition on the employer, Marriott Hotel Services Inc. ("Marriott").

On 27 December 2024, the Division of Employment Security moved to dismiss the petition for failure to serve the employer with a copy for judicial review under N.C. Gen. Stat. § 96-15(h).  The trial court issued an order granting the Division of Employment Security's motion to dismiss on 5 February 2025.  That order provided:

1. On or about October 10, 2024, Petitioner was mailed Higher Authority Decision No. 24-HA-001625.

2. Petitioner filed a Petition for Judicial Review on November 5, 2024, with the Cabarrus County Clerk of Superior Court.

3. Section 96-15(h) of the North Carolina General Statutes provides that within 10 days after the petition is filed with the court, petitioner must serve copies of the petition by personal service or by certified mail, return receipt requested, upon the Division and upon all parties of record to the Division proceedings.

4. The employer, Marriott, is a party of record to the Division proceedings, and, consequently, Petitioner was required to serve the employer with a copy of the filed petition within 10 days of filing it with the court by personal service or by certified mail.

5. Petitioner did not serve the employer, a party to the Division proceedings, with a copy of the petition for judicial review within 10 days, or at any point thereafter, by personal service or by certified mail, return receipt requested as required by N.C. Gen. Stat. Section 96-15(h).

6. These statutory service requirements are jurisdictional, and, since Petitioner failed to properly or timely serve the employer by proper service methods, [DES's] Motion to Dismiss the Petition should be granted, in that this Court lacks subject matter jurisdiction.

7. Due to Petitioner's failure to comply with the mandatory requirements of N.C. Gen. Stat. Section 96-15(h), the court lacks subject matter jurisdiction, and the Petition for Judicial Review in this matter should be dismissed in accordance with [DES's] Motion to Dismiss.

Petitioner then entered a timely notice of appeal.

## II.  Analysis

Petitioner's appeal,[1] which presents thirty-six enumerated issues in an extensive brief,[2] challenges the trial court's order dismissing her petition for judicial review based on the jurisdictional requirements of N.C. Gen. Stat. § 96-15(h) (2025).

---

[1] We acknowledge Petitioner's pro se status.  Nonetheless, "even pro se appellants must adhere strictly to the Rules of Appellate Procedure[.]"  *Strauss v. Hunt*, 140 N.C. App. 345, 348–49, 536 S.E.2d 636, 639 (2000).

[2] Petitioner's brief generally fails to comply with N.C. R. App. 28(b).

"[N]o appeal lies from an order or decision of an administrative agency of the State . . . unless the right is granted by statute . . . . Obviously then, the appeal must conform to the statute granting the right and regulating the procedure*." In re Emp. Sec. Comm'n*, 234 N.C. 651, 653, 68 S.E.2d 311,312 (1951) (citation omitted). In its entirety, N.C. Gen. Stat. § 96-15(h) (emphasis added) provides:

> **Judicial Review.** — A decision of the Board of Review becomes final 30 days after the date of notification or mailing of the decision, whichever is earlier, unless a party to the decision seeks judicial review as provided in this subsection. Judicial review is permitted only after a party claiming to be aggrieved by the decision has exhausted the remedies provided in this Chapter and has filed a petition for review in the superior court of the county in which the petitioner resides or the county in which the petitioner's principal place of business is located. The petition for review must explicitly state what exceptions are taken to the decision or procedure and what relief the petitioner seeks. *Within 10 days after the petition is filed with the court, the petitioner must serve copies of the petition by personal service or by certified mail, return receipt requested, upon the Division and upon all parties of record to the Division proceedings.* The Division must furnish the petitioner, upon request, the names and addresses of the parties as found in the records of the Division. The Division is a party to any judicial action involving any of its decisions and may be represented in the judicial action by any qualified attorney who has been designated by it for that purpose. Any questions regarding the requirements of this subsection concerning the service or filing of a petition shall be determined by the superior court. Any party to the Division proceeding may become a party to the review proceeding by notifying the court within 10 days after receipt of the copy of the petition. Any person aggrieved may petition to become a party by filing a motion to intervene as provided in G.S. 1A-1, Rule 24.

> Within 45 days after receipt of the copy of the petition for review or within such additional time as the court may allow, the Division must transmit to the reviewing court the original or a certified copy of the entire record of the proceedings under review. With the permission of the court the record may be shortened by stipulation of all parties to the review proceedings. Any party unreasonably refusing to stipulate to limit the record may be taxed by the court for the additional cost incurred by the refusal. The court may require or permit subsequent corrections or additions to the record when the court considers the changes desirable.

Marriott was listed as a party in the caption of Higher Authority Decision No. 24-HA-001625. Additionally, in the administrative proceedings, Marriot was a necessary party. *See* N.C. Gen. Stat. § 96-15(a) (2025) ("Claims for benefits must be made in accordance with rules adopted by the Division. . . ."); *see also, e.g.,* 4 N.C. Admin. Code 24C.0104 (2026) ("[T]he employer shall be a party with appeal rights to a determination ruling on the merits of the specific issue raised by the employer if the employer is . . . named as the last employer on the claimant's initial claim[.]").

N.C. Gen. Stat. § 96-15(h) prescribes a deadline for service known as a "jurisdictional" deadline. *Isenberg v. N.C. DOC*, 241 N.C. App. 68, 70–71, 772 S.E.2d 97, 99 (2015). Typically, there are two categories of rules with respect to deadlines in our judicial system: "jurisdictional rules, which affect a court's power to hear the dispute, and procedural rules, which ensure that the legal system adjudicates the claim in an orderly way." *Tillet v. Town of Kill Devil Hills*, 257 N.C. App. 223, 225, 809 S.E.2d 145, 147 (2017). Failure to comply with a jurisdictional rule mandates

dismissal. *See, e.g., Williams v. N.C. Doc,* 286 N.C. App. 381, 878 S.E.2d 684 (2022) (unpublished) (citation omitted) ("Failure to comply with a jurisdictional deadline deprives the reviewing court of jurisdiction, leaving the court with no authority to act other than to dismiss the matter for lack of subject matter jurisdiction.").

Thus, for a court to have jurisdiction over the issue under subsection 95-15(h) judicial review proceedings, Petitioner was required to serve Marriott within "10 days after the petition is filed with the court." N.C. Gen. Stat. § 95-15(h). Petitioner did not serve Marriot pursuant to subsection 95-15(h). As our Court has previously held, "[n]othing in the many amendments to N.C. Gen. Stat. § 96-15(h) to date have changed the mandatory nature of the service requirements." *Isenberg*, 241 N.C. App. at 73, 772 S.E.2d at 100. Consequently, since the service requirements of subsection 96-15(h) are jurisdictional, the trial court properly determined it lacked jurisdiction. *Id.* The trial court did not err in dismissing Petitioner's petition. *Id.*

### III.  Conclusion

We affirm the trial court's order since Petitioner's appeal failed to conform with the service requirements of N.C. Gen. Stat. § 96-15(h).


AFFIRMED.

Chief Judge DILLON and Judge ARROWOOD concur.

Report per Rule 30(e).